JUDGE ROBERTSON
delivered the opinion of the court.
To an action brought by John "Wonterline and his wife against John D. Ross and John Burks on a note for $1,840, dated April 4, 1867, and payable one year after date without interest, Burks pleaded by his answer and counter-claim that he was only surety for Ross in the note; and that without his knowledge Ross had advanced usurious interest at the rate of fifteen per cent, for the year during which the face of the note dispensed with any interest, and that the fact of such exaction was fraudulently concealed from him when he signed the note. Without either demurrer or reply to those allegations the court below rendered a judgment against Ross for the amount of the note, and legal interest from the 4th of April, 1868, and also against Burks for $1,674 with legal interest from the same date; thus crediting Burks with the usury. That judgment against him Burks seeks to reverse by this appeal.
As the allegations of the answer stand admitted, the question now to be decided is whether they -constitute a bar to the action against the appellant, and not merely a plea of recovery, as they seem to have been considered by the court below. According to the Roman law, these *22 facts would be adjudged a fraud by the obligees on the appellant as surety, and by abundant authorities the same principles have been recognized as an element of the modern common law. As between persons standing in certain relations of confidence and trust there are peculiar temptations to disguise fraud, peculiar facilities for perpetrating it, and peculiar difficulties in proving it; and therefore modern courts, considering preventive better than remedial justice in such cases, have established the doctrine of constructive fraud, which prima fade assumes fraud in contracts in that class of cases where there is no proof of a fraudulent intent, and thus throws on the party charged with fraud the burden of disproving it. And the case of sureties authoritatively stands in that category, and is used as an opposite illustration of the principle of constructive fraud. Thus Story, illustrating that doctrine, says, in the 324th section of his Equity Jurisprudence: “The contract of suretyship imports entire good faith and confidence between the parties in regard to the whole transaction. Any concealment of material facts, or any express or implied misrepresentation of facts, or any undue advantage taken of the surety by the creditor, either by surprise or by withholding proper information, will undoubtedly furnish sufficient ground to invalidate the contract.”
Proof or admission of any one of these facts, when fraud is charged by the surety, will, without any regard to the intent to deceive him malo animo, make a case of constructive fraud, requiring the creditor to repel the legal deduction by proof of the integrity of the transaction. But in many eases of this kind the fraud is actual rather than constructive — the malus animus being inferred from circumstances characterizing the covenant of the parties. Thus the same author, in his chapter on actual fraud, says:
*23 “But there are cases of intrinsic circumstances in which courts of law and courts of equity both proceed upon a doctrine strictly analogous to that of the Homan law, and treat the concealment of them a breach of trust and confidence justly reposed. Indeed, in most cases of this sort, the very silence of the party must import as much as a direct affirmation, and be deemed equivalent to it.
“ Thus if a party taking a guaranty from a surety conceals from him facts which increase his risk, and suffers him to enter into the contract under false impressions as to the real state of the facts, such concealment will amount to a fraud, because the party is bound to make the disclosure, and the omission to make it under such circumstances is equivalent to an affirmation that the facts do not exist.” (Sections 214, 215.) And, in support of the principle so defined, that eminent jurist refers to adjudged cases, both British and American, too numerous for convenient citation here.
Suppressio veri is tantamount to suggestio falsi, and in all such relations of trust and confidence, principle, policy, and law require, and one at least of the parties expect,' uberrima fides. But applying this reasonable and established doctrine to the facts as alleged in the appellant’s answer, the alleged fraud is not sufficiently established.
The answer might be understood as importing fraudulent misrepresentation and concealment. But such is not the necessary deduction from the face of the note and the general allegation of concealment. Unless the obligee knew when Burks signed the note that he did so as surety only, or unless she procured his signature, or was present when he signed, and then misrepresented or suppressed the truth, the acceptance of the note was not evidence of fraud, and the simple charge as made of misrepresentation and concealment does not show fraud, because *24 the principal may have presented to her the note signed in her absence when she could have made no communication to the surety, and could therefore have been guilty qf neither misrepresentation nor concealment; and the general allegation of concealment^ does not negative the idea of her absence.
The law presumes that the obligee knew the status of the parties to the note, and consequently that Burks was surety. (Champion v. Robertson, 4 Bush, 18.)
But the charge of concealment as made in the petition is only the pleader’s own deduction, and is not equivalent to the fact of concealment or fraud. To maintain the general allegation of concealment or fraud it was necessary to allege that the obligee either procured the surety’s signature or was present when it was made, and then misrepresented or concealed the essential facts which she ought to have disclosed truly.
We therefore, on reconsideration, adjudge that the allegations of the answer are insufficient to show fraudulent concealment or misrepresentation to the appellant’s prejudice, and consequently that there is no available error in disregarding the answer.
Wherefore the judgment is affirmed.