JUDGE HARDIN
deliveked the ovarios' op the coukt.
To the petition of the appellee in this action against C. L. Beid and the appellant, W. J. Mount, upon their joint promissory note, dated April 15, 1868, for eight hundred dollars, payable twelve months thereafter, with interest from date, Beid filed an answer stating the consideration of the note to have been a loan to him of seven hundred and four dollars, and that the excess of ninety-six dollars was a usurious “bonus,” exacted and included in the note for the loan, and *619 he contested the action as to that sum, confessing the plaintiff’s right to recover the residue with interest; and Mount also filed an answer alleging, in substance and effect, that he was Reid’s surety in the note for money loaned to him by the plaintiff, under “a secret agreement” between them, not communicated to or known by him; that Reid was to pay the plaintiff usurious interest for the loan at the rate of eighteen per cent, per annum; and that he paid it accordingly; and this agreement and the payment of the usury, being unknown to the appellant, were concealed from him by Reid and the plaintiff, and these acts were “ a fraud upon him.”
The last-mentioned answer was filed on the 25th of September, 1868, and at the same time the plaintiff moved the court for a judgment against each of the defendants on the pleadings for so much of the debt as was not sufficiently controverted. The court thereupon gave judgment against Reid for seven hundred and four dollars, with interest from the 15th of April, 1869, and held the motion on submission as to Mount, and “further ordered this ease to be assigned” for hearing on the 8th of December, 1869.
Afterward, on the 2d day of October, 1869, the motion against Mount was sustained, and a judgment rendered against him for seven hundred and four dollars, with interest from the 15th of April, 1868, and the court then ordered that this case be assigned to the 14th of December, 1869, for hearing as to the balance of the debt, and Mount prayed an appeal from the judgment against him to this court.
Subsequently, October 30, 1869, the appellant, upon grounds filed, moved the court to vacate the judgment against him, and the motion was held under advisement till the 6th of November, 1869, when the appellant offered to file in the ease an amended answer, alleging that “he signed the note sued upon at the solicitation and procurement of the plaintiff, and in the presence of said plaintiff, who fraudulently misrepresented the *620 facts of said loan in leading this defendant to believe that his co-defendant was paying only and no more than the legal rate of interest therefor.”
That amendment being objected to, the proposition to file it was held under consideration, as was also a motion of the plaintiff to correct the judgments, until November 15, 1869, when, upon the last-mentioned motion, it was ordered that the judgment “against Reid be changed so as to read, interest from 15th April, 1868, instead of interest from 15th April, 1869; and further ordered the judgment herein against Mount be changed so as to read, the sum of six hundred and thirty-six dollars, with interest thereon at the rate of six per centum per annum from 15th April, 1868, instead of the sum of seven hundred and four dollars; and further ordered the motion by defendant Mount to vacate the judgment against him be overruled, to all of which defendant Mount excepts; and further ordered the motion by defendant Mount to file an amended answer herein be sustained, and said amended answer is now filed, and defendant Mount, by attorney, prayed an appeal.”
We do not concur in the suggestion made in the argument that the order correcting the judgments for a misprision in entering them was either equivalent to setting the entire judgments aside, or a sufficient reason for doing so on the motion of the appellant; nor did the filing of the amended answer have the effect of vacating the judgment already rendered against the appellant. The amendment may have been admitted as aiding the undetermined defense of usury as to a part of the consideration of the note.
But whether the court erred in rendering the judgment against the appellant over his original answer, and in refusing to set it aside on the presentation of the amended answer, are questions of more importance.
The first inquiry is as to the sufficiency of the appellant’s original answer; for if that presented no valid defense beyond *621 the alleged excess in the sum of the note for usury, the court was certainly right in treating the residue of the debt as uncontroverted, and in rendering judgment for it. But from the reasoning of the opinion of this court in the case of Burks v. Wonterline, &c., 6 Bush, 20, with reference to principles not necessarily involved in the decision of that case, it is contended that the answer presented a complete bar to the action as against the appellant.
We fully recognize the correctness of the principle as laid down in Story's Equity Jurisprudence, and stated in the case cited, that “the contract of suretyship imports entire good faith and confidence between the parties in regard to the whole transaction. Any concealment of material facts, or any express or implied misrepresentation of facts, or any undue advantage taken of the surety by the creditor, either by surprise or by withholding proper information, will undoubtedly furnish sufficient ground to invalidate the contract.”
The reason of this obviously is that good faith forbids the perpetration of any fraud by the creditor, in connection with the contract, injuriously affecting the rights of the surety, or increasing the risk incurred by him by entering into the contract. But as the alleged collateral agreement of Reid to pay the appellee usury, in addition to the legal rate of interest promised in the note, imposed no obligation on the appellant, it could only have affected him by incidentally operating to diminish Reid's ability to pay the debt. It may be true that any secret arrangement between the creditor and the principal having that effect, and fraudulently concealed from the surety or misrepresented to him by the creditor, would vitiate the contract; for he should not be allowed, either by expressing a falsehood or suppressing the truth, to induce the surety to assume responsibility which he would otherwise avoid.
But the answer in this case not only fails to allege that the agreement to pay usury was concealed from the appellant for *622 the purpose of inducing him to do what he would not other- . wise have done, but it contains no averment to the effect that the payment, or agreement of Beid for the payment, of usury increased the risk taken by him in becoming Beid’s surety in the note.
It is questionable whether the allegation of the concealment of the usurious agreement from the appellant imports more than a failure to communicate information which was not sought by him. But be this as it may, we are of the opinion that the answer was insufficient except as to the alleged payment of usury; and the judgment was authorized by the pleadings as subsequently corrected.
Nor was there such an abuse of the discretion of the court, in refusing to set the judgment aside on the presentation of the amended answer, as would authorize a reversal of the judgment by this court.
Waiving inquiry as to sufficiency of the defense presented by the amendment, as no reason was disclosed for the failure to allege the entire matter of the defense in the original answer, we can not adjudge that the refusal of the court to vacate the judgment and permit renewed litigation on amended pleadings was not a proper exercise of judicial discretion.
Wherefore the judgment is affirmed.