Magee agt. Manhattan Life Insurance Company.

# U. S. SUPREME COURT.

## MAGEE agt. MANHATTAN LIFE INS. Co.

### *Discharge of surety.*

In an action on the bond of an insurance agent, conditioned for the agent's paying over to the company all moneys belonging to it which he should receive, the defendant pleaded that the company had concealed from him the fact that the agent was at the time indebted to the company, and that the company also required an agreement by the agent that all his commissions should be applied to pay said indebtedness, and that if he had been informed of the indebtedness and the agreement he would not have signed the bond:

*Held*, that the plea was bad; the agreement of the agent to apply his commissions, or money belonging to him derived from any source, in payment of a pre-existing debt to the company, had no such connection with what the sureties stipulated for, as gave them a right to be informed on the subject, except to inquiries they might have made, but did not, before the bond was executed.

*October Term*, 1875.

In ERROR to the circuit court of the United States for the southern district of Alabama.

Mr. justice SWAYNE delivered the opinion of the court.

The defendant in error sued the plaintiffs in error upon a bond which recited that Henry Voorhes had been appointed an agent of the insurance company, and was conditioned for his paying over to the company all moneys belonging to it which he should receive. The breach alleged was that he had received such moneys which he had failed to pay over.

The defendants pleaded three pleas :

1. That Voorhes had paid over all moneys belonging to

the company which he received after the execution of the bond.

2. That at the time of the execution of the bond, Voorhes, as such agent, was indebted to the company, and that there was an agreement between him and the company that all moneys received by Voorhes should be credited upon this indebtedness; that these facts were concealed from the defendants, and that all the moneys so received were so credited.

1. That the plaintiffs required the giving of this bond on a condition on which only they would retain Voorhes in their employment as such agent; that they required further, an agreement by Voorhes that all his commissions thereafter earned should be applied to his past indebtedness to the company; that they were so applied; that the defendants were ignorant of the indebtedness and of this agreement; that if they had been informed of them they would not have executed the bond, and that the agreement as to the commissions and its execution was a fraud on them, and that the bond as to them was thereby avoided.

The third plea was demurred to, and the demurrer was sustained and issue was taken upon the first and second pleas. The jury found for the plaintiff, and the court gave judgment accordingly.

The only question presented for our determination is as to the sufficiency of the third plea. The demurrer admits the substantial facts which the plea avers. Does the agreement as to the commissions and the circumstances that it was unknown to the sureties, and not communicated to them by the company, exonerate the sureties from liability upon the bond?

A surety is "a favored debtor." His rights are zealously guarded, both at law and in equity. The slightest fraud on the part of the creditor, touching the contract, annuls it. Any alteration after it is made, though beneficial to the surety, has the same effect. His contract, exactly as made, is

the measure of his liability, and if the case against him be not clearly within it, he is entitled to go acquit (*Ludlow* agt. *Symonds*, 2 *Caine's Cases*, 1; *Miller* agt. *Stewart*, 9 *Wheat.*, 681). But there is a duty incumbent on him; he must not rest supine, close his eye and fail to seek important information within his reach. If he does this, and a loss occurs, he cannot, in the absence of fraud on the part of the creditor, set up as a defense facts then first learned which he ought to have known and considered before entering into the contract (*Kerr on Fraud and Mistake*, 96). *Vigilantibus et non dormentibus jura subveniunt.* Where one of two innocent parties must lose, and one of them is in fault, the law throws the burden of the loss upon him (*Hearne* agt. *Nichols*, 1 *Salk.*, 289). It may be well, before examining the question arising upon the plea, to advert to some of the points bearing upon the subject, which have been adjudged in authoritative cases. A fraudulent concealment is the suppression of something which the party is bound to disclose (*Kerr, supra*, 95). To constitute fraud, the intent to deceive must clearly appear (*Spofford* agt. *Newson*, 9 *Iredell Law*, 507). The concealment must be willful and intentional (*De Col. on Guar. and Sur.*, 366).

The test is, whether one of the parties knowingly suffered the other to deal under a delusion (2 *Kent's Com.*, Comst. *ed.*, 643). The mere relation of principal and surety does not require the voluntary disclosure of all the material facts in all cases. The same rule as to disclosures does not apply in cases of principal and surety as in cases of insurance on ships or lives (*North Brit. Ins. Co.* agt. *Loyd*, 10 *Exch.*, 533). In this case a former guarantor was discharged and others taken in his place. The fact of the prior guaranty was not disclosed. The subsequent guarantors made no inquiry, and they were held to be liable. If the surety desires information, he must ask for it. The creditor is not bound to volunteer it. An undisclosed prior debt will not affect the validity of the contract (*Hamilton* agt. *Watson*,

12 *Clarke & F.*, 119). If the creditor be applied to, he must make a full and frank communication (*De Golyer, supra,* 367). One took a note from another whom he knew to be insolvent, and did not disclose the fact to a person who became surety. It was held that the surety was bound, and that the payee had a right to presume he was aware of the insolvency of the principal (*Ham* agt. *Greve,* 34 *Ind.,* 18).

To render the general allegation of concealment sufficient in a pleading, it is necessary also to aver that the creditor either procured the surety's signature or was present when the instrument was executed, and then misrepresented or concealed essential facts which should have been disclosed, otherwise the allegation of fraud is only the pleader's deduction (*Burks* agt. *Wonterlein,* 6 *Bush,* 24). In this case the court said: "The principal may have presented her" (the payee) "the note, signed in her absence, when she could have made no communication to the surety, and could, therefore, have been guilty of neither misrepresentation nor concealment, and the general allegation of concealment does not negative the idea of her absence" (*Id.*). In such circumstances the creditor is under obligation, legal or moral, to search for the surety and warn him of the danger of the step he is about to take. No case has gone so far as to require this to be done (*Wyethes* agt. *Labouchere,* 3 *De Gex & J.,* 609). The creditor is not bound to inform the intended surety of matters affecting the credit of the debtor, or of any circumstances unconnected with the transaction in which he is about to engage (*Id.*).

It appears by the record in this case that the plaintiff was a corporation of the city of New York; that Voorhes was the agent of the company at Mobile, in the state of Alabama, and that parties to the bond were all of that city. The plea does not set forth any of the circumstances attending the execution and delivery of the bond. It does not aver that there was any misapprehension, any thing fraudulently kept back, or any opportunity to make disclosures on the part of the

company, or any inquiry by the sureties, before the bond was delivered. Nor is it averred that the company was aware that the sureties were ignorant of the facts complained of. It is, perhaps, to be inferred from the plea that the fact was — as the record, aside from the plea, shows it to have been — that the bond was executed at Mobile and sent by Voorhes, by mail, to the company in New York. If this were so the company, upon receiving it, was under no obligation to make any communication to the sureties. The validity of the bond could not depend upon their doing so. The company had a right to presume that the sureties knew all they desired to know and were content to give the instrument without any further information from any source. Under these circumstances, it was too late after the agreement to set up this defense.

There is another objection to the plea. There was nothing fraudulent in the agreement. The obligation of the agent was simply to pay over the money of the company which he should receive. This the sureties guaranteed that he would do. To do it was a matter of common honesty; not to do it was a fraud. The agreement of the agent to apply money belonging to him, derived from any source, in payment of a pre-existing debt to the company had no such connection with what the sureties stipulated for as gave them a right to be informed on the subject, except in answer to inquiries they might have made. They made none, and there was no obligation on the part of the company to volunteer the disclosure.

On both these grounds the plea was bad, and the demurrer was properly sustained.

The judgment of the circuit court is affirmed.