## MAGEE ET AL. *v.* MANHATTAN LIFE INSURANCE COMPANY.

In a suit by a company organized under the laws of the State of New York against citizens of the State of Alabama, on a bond conditioned for the faithful performance of duty, and the payment of money received for it, executed by the agent of the company who transacted business as such in the city of Mobile, where he resided, and by them as his sureties, the latter pleaded that the company, as a condition upon which it would retain in its employment the agent then largely indebted to it, required such bond, and also his agreement to apply all his commissions thereafter earned to his former indebtedness to it; that the agreement was made, and the commissions were so applied; that the company knew that the agent had no property, and depended upon his future acquisitions for the support of himself and family; that the defendants were ignorant of such indebtedness and agreement; that, had they been informed thereof, they would not have executed the bond; that the agreement as to the commissions and its performance were a fraud on them; and that the bond as to them was thereby avoided. *Held*, that the plea was bad, as it set forth neither the circumstances attending the delivery of the bond, nor averred misrepre-

sentations, fraudulent concealment, opportunities to make disclosure on the part of the company, inquiries by the sureties before the bond was delivered, or knowledge by the company that the sureties were ignorant of the facts complained of. *Held,* further, that this agreement had no such connection with the undertaking of the sureties as to give them a right to be informed thereof, except in answer to inquiries. As none were made, the company was under no obligation to volunteer the disclosure.

ERROR to the Circuit Court of the United States for the Southern District of Alabama.

This is a suit by The Manhattan Life Insurance Company of the city of New York against the plaintiffs in error, sureties on the bond of one Henry V. H. Voorhees, who was the agent of the company at Mobile, Ala.

The bond sued on is as follows : —

" Know all men by these presents, That we, Henry V. H. Voorhees, as principal, and Jacob Magee and Henry Hall, as securities, of the town of Mobile, and State of Alabama, are held and firmly bound unto the Manhattan Life Insurance Company of the city of New York in the sum of $5,000 ; for which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents.

" The condition of this obligation is such, that if the above-bounden Henry V. H. Voorhees, who has been appointed an agent of the said The Manhattan Life Insurance Company, shall faithfully conform to all instructions and directions which he, as such agent, may at any time receive from the said The Manhattan Life Insurance Company, and shall on the first day of each month remit to the office of said company all moneys received by him (not previously remitted) as such agent, less his commissions, together with his account of the same, then the above obligation to be void ; otherwise to remain in full force and virtue."

The breach assigned was the agent's withholding from the company moneys received by him subsequently to the date of the bond, as well as other moneys remaining in his hands at the time it was executed.

The defendants pleaded three pleas. Upon the first and second, issue was joined.

The third plea was as follows : —

" For a further plea, the defendants say, that, before the execution and delivery of said bond, said Henry Voorhees was largely

indebted to said plaintiffs for moneys before that time received by him belonging to plaintiffs, in conducting their business as agent in Mobile, of which these defendants had no notice; and the plaintiffs required of him the bond described in the complaint as a condition on which only they would retain him in their employment, as agent in Mobile, in conducting their business; and, besides the bond, the plaintiffs required of said Voorhees a promise or agreement that all his future commissions and interest he might acquire and earn in conducting their business afterwards, he, the said Voorhees, should pay to the plaintiffs, to be applied to his then past indebtedness, for which said plaintiffs had no security.

"The plaintiffs then well knowing, for so the fact was, that said Voorhees had no property or means of his own by or out of which his said past indebtedness could be paid. They also well knew, and so the fact was, that he could not support himself and family but by means of his future acquisitions by his labor; and therefore the appropriation of his commissions and interest in all his future acquisitions in conducting plaintiffs' business would compel him, said Voorhees, to appropriate a similar amount to his support out of moneys received by him belonging to plaintiffs.

"And they further aver that said Voorhees did promise and agree with said plaintiffs, before said bond was executed, that he would pay said plaintiffs all his commissions on the moneys that he might afterwards receive in conducting their business, to be applied to the then past indebtedness of said Voorhees to said plaintiffs. And these defendants further aver, that at the time they executed said bond, which was as the securities of said Voorhees, they had no notice or knowledge of said agreement between said Voorhees and said plaintiffs, nor any notice or knowledge that he, said Voorhees, had fallen behindhand, or had become indebted to plaintiffs; and, if they had been informed of said agreement or of said indebtedness, they would not have executed said bond.

"And these defendants further allege, that, in pursuance of said agreement, the said Voorhees did pay said plaintiffs all his commissions afterwards earned and acquired' in the business of the plaintiffs, which was carried to the credit of his past indebtedness to them, in pursuance of said agreement, but retained a corresponding amount from the moneys of the plaintiffs he afterwards received, as he was compelled from necessity to do. And they further aver that said agreement and its execution, as set forth in this plea, was a fraud on these defendants, and therefore they are not bound by said writing obligatory, but the same, as to them, is void; and of this they are ready to verify."

To which plea the plaintiff demurred. The court sustained the demurrer.

The jury found for the plaintiffs below, and judgment was rendered accordingly: whereupon the defendants brought the case here, and assigned for error the judgment of the court in sustaining the demurrer.

*Mr. P. Phillips* for the plaintiffs in error.

The sureties were discharged, because the non-communication to them of the past indebtedness of the agent was, under the circumstances stated in the plea, an undue concealment. 1 Story's Eq., sect. 215; *Smith* v. *Bank Scotland*, 1 Dowl. 272; *Railton* v. *Mathews*, 10 Cl. & Fin. 934; *Montague* v. *Titcomb*, 2 Vern. 518; *Shepherd* v. *Beecher*, 2 P. Wms. 288; *Rees* v. *Barrington*, 2 Ves., Jr., 540; *Thompson* v. *Bank Scotland*, 2 Shaw's App. Cas. 316; *Lee* v. *Jones*, 7 C. B. N. s. 500; *Phillips* v. *Foxhall*, Law Rep. 7 Q. B. 666. And because the agreement to appropriate the commissions to such indebtedness was a material variation of the obligation on which they consented to be bound, and it tended to increase the risk they had assumed. 1 Story's Eq., sects. 218, 324; *Pidcock* v. *Bishop*, 3 B. & C. 605; *North-western R.R.* v. *Whinray*, 26 Eng. Law & Eq. 488; *Miller* v. *Stewart*, 9 Wheat. 682; *Peck* v. *Durett*, 9 Dana, 488; *McWilliams* v. *Mason*, 6 Duer, 276; *Mayhew* v. *Boyd*, 5 Md. 102; Burge on Suretyship, 15.

The defence set up in the plea is available at law as well as in equity. *King* v. *Baldwin*, 2 Johns. Ch. 556; *People* v. *Jansen*, 7 Johns. 332; *Swayn* v. *Burke*, 12 Pet. 23.

*Mr. J. M. Carlisle* and *Mr. John D. McPherson* for the defendant in error.

The acts referred to do not amount to fraud; and, as the plea does not charge an *intent* to defraud, it is insufficient.

When the facts set forth in the plea do not constitute fraud, the intention to defraud must be averred. *Moss* v. *Riddle*, 5 Cranch, 351.

Mere non-communication is not concealment. Concealment is a failure to communicate when one has the opportunity to communicate. There may be non-communication without concealment, and there may be concealment without fraud.

" It is now regarded as settled that there must be something

which amounts to fraud to enable the surety to say that he is released from his contract on account of misrepresentation or concealment." Story's Eq. Jur., 325 *a;* De Gol. on Guar., p. 362, and cases cited; Kerr on Frauds, pp. 94, 122, and cases cited; *Hamilton* v. *Watson,* 12 C. & L. 109; *Burks* v. *Wonterlein,* 6 Bush, 20; *Ham* v. *Greve et al.,* 34 Ind. 18; 2 Kent, 482, 483; *United States* v. *Boyd,* 5 How. 29.

The alleged agreement between Voorhees and the company as to the application of the money remitted worked no injury to the sureties. When the money was remitted, their liability was at an end.

MR. JUSTICE SWAYNE delivered the opinion of the court.

The defendant in error sued the plaintiffs in error upon a bond, which recited that Henry V. H. Voorhees had been appointed an agent of the insurance company, and was conditioned for his paying over to the company all moneys belonging to it which he should receive.

The breach alleged was that he had received such moneys, which he had failed to pay over.

The defendants pleaded three pleas : —

(1.) That Voorhees had paid over all moneys belonging to the company which he received after the execution of the bond.

(2.) That, at the time of the execution of the bond, Voorhees, as such agent, was indebted to the company, and that there was an agreement between him and the company that all moneys received by Voorhees should be credited upon this indebtedness; that these facts were concealed from the defendants, and that all the moneys so received were so credited.

(3.) That the plaintiffs required the giving of this bond as a condition on which only they would retain Voorhees in their employment as such agent; that they required, further, an agreement by Voorhees that all his commissions thereafter earned should be applied to his past indebtedness to the company; that they were so applied; that the defendants were ignorant of the indebtedness and of this agreement; that, if they had been informed of them, they would not have executed the bond; and that the agreement as to the commissions and its execution

were a fraud on them, and that the bond, as to them, was thereby avoided.

The third plea was demurred to, and the demurrer was sustained. Issue was taken upon the first and second pleas. The jury found for the plaintiff, and the court gave judgment accordingly.

The only question presented for our determination is as to the sufficiency of the third plea.

The demurrer admits the substantial facts which the plea avers. Do the agreement as to the commissions, and the circumstances that it was unknown to the sureties and not communicated to them by the company, exonerate the sureties from liability upon the bond?

A surety is "a favored debtor." His rights are zealously guarded both at law and in equity. The slightest fraud on the part of the creditor, touching the contract, annuls it. Any alteration after it is made, though beneficial to the surety, has the same effect. His contract exactly as made is the measure of his liability; and, if the case against him be not clearly within it, he is entitled to go acquit. *Ludlow* v. *Symonds*, 2 Caine's Cas. 1; *Miller* v. *Stewart*, 9 Wheat. 681.

But there is a duty incumbent on him. He must not rest supine, close his eyes, and fail to seek important information within his reach. If he does this, and a loss occurs, he cannot, in the absence of fraud on the part of the creditor, set up as a defence facts then first learned which he ought to have known and considered before entering into the contract. Kerr on Fraud and Mistake, 96.

*Vigilantibus et non dormentibus jura subveniunt.*

Where one of two innocent parties must lose, and one of them is in fault, the law throws the burden of the loss upon him. *Hearne* v. *Nichols*, 1 Salk. 289.

It may be well, before examining the question arising upon the plea, to advert to some of the points bearing upon the subject which have been adjudged in authoritative cases.

A fraudulent concealment is the suppression of something which the party is bound to disclose. Kerr, *supra*, 95.

To constitute fraud, the intent to deceive must clearly appear. *Spofford* v. *Newson*, 9 Ired. Law, 507.

The concealment must be wilful and intentional.   De Gol. on Guar. and Sur. 366.

The test is, whether one of the parties knowingly suffered the other to deal under a delusion.   2 Kent's Com. (Comst. ed.) 643.

The mere relation of principal and surety does not require the voluntary disclosure of all the material facts in all cases. The same rule as to disclosures does not apply in cases of principal and surety as in cases of insurance on ships or lives. *North Brit. Ins. Co.* v. *Loyd*, 10 Exch. 533.

In this case a former guarantor was discharged, and others taken in his place.   The fact of the prior guaranty was not disclosed.   The subsequent guarantors made no inquiry, and they were held to be liable.   If the surety desires information, he must ask for it.   The creditor is not bound to volunteer it. An undisclosed prior debt will not affect the validity of the contract.   *Hamilton* v. *Watson*, 12 Cl. & F. 119.

If the creditor be applied to, he must make a full and frank communication.   De Gol., *supra*, 367.

One took a note from another whom he knew to be insolvent, and did not disclose that fact to a person who became surety. It was held that the surety was bound, and that the payee had a right to presume he was aware of the insolvency of the principal.   *Ham* v. *Greve*, 34 Ind. 18.

To render the general allegation of concealment sufficient in a pleading, it is necessary also to aver that the creditor either procured the surety's signature, or was present when the instrument was executed, and then misrepresented or concealed essential facts which should have been disclosed; otherwise the allegation of fraud is only the pleader's deduction.   *Burks* v. *Wonterlein*, 6 Bush, 24.

In this case the court said, " The principal may have presented her " (the payee) " the note, signed in her absence, when she could have made no communication to the surety, and could, therefore, have been guilty of neither misrepresentation nor concealment; and the general allegation of concealment does not negative the idea of her absence."   Id.

In such circumstances, the creditor is under no obligation, legal or moral, to search for the surety, and warn him of the

danger of the step he is about to take. No case has gone so far as to require this to be done. *Wyethes* v. *Labouchere*, 3 De G. & J. 609.

The creditor is not bound to inform the intended surety of matters affecting the credit of the debtor, or of any circumstances unconnected with the transaction in which he is about to engage. Id.

It appears by the record in this case that the plaintiff was a corporation of the city of New York; that Voorhees was the agent of the company at Mobile, in the State of Alabama; and that the parties to the bond were all of that city.

The plea does not set forth any of the circumstances attending the execution and delivery of the bond. It does not aver that there was any misrepresentation, any thing fraudulently kept back, or any opportunity to make disclosures on the part of the company, or any inquiry by the sureties, before the bond was delivered. Nor is it averred that the company was aware that the sureties were ignorant of the facts complained of. It is, perhaps, to be inferred from the plea that the fact was — as the record, aside from the plea, shows it to have been — that the bond was executed at Mobile, and sent by Voorhees by mail to the company in New York. If this were so, the company, upon receiving it, was under no obligation to make any communication to the sureties. The validity of the bond could not depend upon their doing so. The company had a right to presume that the sureties knew all they desired to know, and were content to give the instrument without further information from any source. Under these circumstances, it was too late, after the breach occurred, to set up this defence.

There is another objection to the plea. There was nothing fraudulent in the agreement. The obligation of the agent was simply to pay over the money of the company which he should receive. This the sureties guaranteed that he would do. To do it was a matter of common honesty; not to do it was a fraud. The agreement of the agent to apply money belonging to him derived from any source in payment of a pre-existing debt to the company had no such connection with what the sureties stipulated for as gave them a right to be informed on the subject, except in answer to inquiries they might have made.

They made none, and there was no obligation on the part of the company to volunteer the disclosure.

On both these grounds the plea was bad, and the demurrer was properly sustained.                    *Judgment affirmed.*