FRELINGHUYSEN, Receiver, etc., *v.* BALDWIN and others.

*(District Court, D. New Jersey.* May 24, 1883.)

1. SURETY ON CASHIER'S BOND — LIABILITY — NEGLECT OF DIRECTORS TO DISCOVER CONDITION OF BANK.

A plea by a surety on the bond of a cashier, in an action for the breach of the covenants in such bond, that charges no fraud or complicity against the president or directors, but simply a neglect of duty in not themselves discovering what the sureties covenanted, the cashier should reveal, is bad.

*Minor* v. *Mechanics' Bank of Alexandria*, 1 Pet. 46, followed.

2. SAME — FAILURE OF DIRECTORS TO VOLUNTEER INFORMATION.

A plea that substantially alleges that a cashier's bond is invalid, as against the sureties, because the corporation did not volunteer information of the fact that the cashier was also a director of the bank, is also bad.

*Magee* v. *Manhattan Co.* 92 U. S. 93, followed.

In Debt. On demurrer to plea, etc.

*A. Q. Keasbey*, for the receiver.

*C. & R. W. Parker*, for defendant Dodd.

NIXON, J. This suit is brought by the receiver of the Mechanics' National Bank of Newark against the cashier and his sureties on their bond to the corporation, dated May 30, 1865, the condition of which was that "if the said O. L. Baldwin shall make known to the president of the said The Mechanics' National Bank, for the time being, without delay, any false entry, error, or mistake which he shall or may discover, or know to have taken place, in any book or books belonging to the said corporation, or in any transaction, matter, or thing relating to their business and affairs, shall faithfully keep

their secrets, and shall in all things well and faithfully perform the duties of cashier of the said Mechanics' National Bank, so long as he shall continue in that capacity, then the obligation to be void," etc. The case comes before the court on demurrer to the third and fourth pleas of Daniel Dodd, one of the sureties on said bond. The third plea is in substance that the defendant Dodd is only a surety on said bond; that it was the duty of the president and directors to exercise diligence and examine the accounts of the bank, to look into the management, and see to the faithful discharge of the duties of the cashier; that he became surety only on the faith that this would be done; that from the date of the bond to the commencement of the suit, the entire business had been intrusted to him without proper supervision, and without the examination of its books, or relations with other banks, and especially the Mechanics' National Bank, its correspondent in New York; that an examination of that bank, and a comparison of its books and statements, would have revealed the frauds, and prevented or curtailed losses; that the president drew his salary and neglected his duties; that because the control was in the hands of Baldwin, he was enabled to misapply funds without hindrance or suppression, and the board permitted and enabled him to do so; and that no right exists in the plaintiff to recover from him a surety. The fourth plea alleges that before the execution of the bond the said Baldwin was a director, but without the knowledge of the defendant, and was afterwards elected cashier; and yearly thereafter was elected director, and, by reason of the conjunction of the offices, his powers were greatly enlarged, and the office changed, and the risk of the sureties increased; that it was the duty of the board to have made this known to the surety; that they did not, and defendant did not, know it; that concealing it was a fraud on the sureties, and the bond is invalid as to them.

1. The case of *Minor* v. *Mechanics' Bank of Alexandria*, 1 Pet. 46, conclusively determines that the third plea is bad. It is to be observed that the plea charges no fraud or complicity against the president and directors, but simply a neglect of duty in not themselves discovering what the sureties covenanted the cashier should reveal. In this respect it falls short of the case of *Minor* v. *Bank of Alexandria, supra.*

2. The fourth plea charges fraud on the sureties, in that when they entered upon the bond, the corporation concealed from them the fact that the cashier was one of the directors. His election to that office was not a secret, and, in the nature of things, could not be.

The provisions of the national banking act require that a certificate of the election of all directors of national banks shall be annually filed in the office of the comptroller of the currency. If the surety thought that the holding of such an office increased the temptations of the cashier to act fraudulently, he could easily have obtained the information by application to the comptroller. It does not appear that he made any inquiry of the president or directors. It is not necessary to determine what would have been the legal result if he had inquired and had been misinformed.

The plea then substantially alleges that the bond is invalid, as against the sureties, because the corporation did not volunteer information of the fact.

The decision of the supreme court in the case of *Magee* v. *Manhattan L. Ins. Co.* 92 U. S. 93, is authority for holding that the fourth plea is also bad.

The demurrer to each of the pleas is sustained.