NORTH CAROLINA NATIONAL BANK v. R. D. MORGAN, JR. AND WIFE, ELIZABETH M. MORGAN

No. 7812SC1007

(Filed 18 September 1979)

**Negligence § 30.1— fire insurance—failure to explain lack of coverage—insufficiency of evidence of negligence**

Where defendant guarantors obtained fire insurance on certain equipment, the equipment was subsequently sold at a foreclosure sale, and the purchase was financed by plaintiff and guaranteed by defendants, defendants failed to offer evidence sufficient to show that plaintiff breached its duty in failing to inform them that the insurance policy provided coverage only when the owner of the equipment was the named insured of the policy.

APPEAL by defendants from *Braswell, Judge.* Judgment entered 30 May 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 21 August 1979.

In December 1974, Manchester Woodyards, Inc. (Manchester) was guarantor on a note for the purchase price of certain equipment owned by one Edward Reddick. Defendant R. D. Morgan as agent for Manchester obtained fire insurance on the equipment. The policy was mailed directly to plaintiff and defendant never received a copy of the policy.

In May 1975 plaintiff foreclosed on the note, and Manchester purchased the equipment at the foreclosure sale. This purchase

was financed by plaintiff and guaranteed by defendants. The equipment was destroyed by fires in August and November of 1975, and when defendants notified the insurance agency of the loss, they were advised that Manchester could not recover under the policy, since only equipment owned by the named insured of the policy was protected against fire loss.

Defendants allege that prior to the foreclosure sale they consulted Ernest Cook, plaintiff's agent, about what changes in documents would be necessary to protect their interest if they became the highest bidder at the foreclosure sale, and Cook told them that no changes would be necessary. They seek to defend against plaintiff's action to recover on Manchester's note by alleging that plaintiff was negligent in failing to inform them that the owner of the equipment must be the named insured of the policy, which estops plaintiff from collecting any funds from them.

The trial court found "that no evidence was presented of any duty owed by plaintiff to defendants that was breached, nor any evidence of representations from plaintiff to defendants concerning the subject matter of this action," and held defendants liable on the note. Defendants' motions for amendment of judgment and for a new trial were denied. They appeal.

*Barrington, Jones, Witcover & Carter, by Henry W. Witcover, for plaintiff appellee.*

*Russ, Worth & Cheatwood, by Donald J. McFadyen, for defendant appellants.*

ARNOLD, Judge.

Defendants argue that the trial court erred by failing to consider all the evidence produced at trial. They contend that they did produce evidence that plaintiff breached a duty it owed to defendants.

The testimony at trial, considered in the light most favorable to defendants, is that prior to the foreclosure Ernest Cook, plaintiff's agent, gave defendant his opinion that after the foreclosure Manchester, as the new owner, would be covered under the policy. Unless plaintiff breached a duty by the giving of this incorrect information, there is no actionable negligence. See 57 Am. Jur. 2d, Negligence § 36.

Defendants concede that plaintiff had no duty to disclose voluntarily to them information bearing upon the risk they were proposing to undertake. See *Magee v. Manhatten Life Ins. Co.*, 92 U.S. 93, 23 L.Ed. 699 (1876); *Construction Co. v. Crain & Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1962); *Trust Co. v. Akelaitis*, 25 N.C. App. 522, 214 S.E. 2d 281 (1975). They contend, however, that once the plaintiff undertook to answer defendants' inquiry, it opened itself to liability for an incorrect answer.

Defendants' reliance upon language in 74 Am. Jur. 2d, Suretyship § 130 is misplaced, since that language deals with the duty of an obligee to answer a surety's inquiry by disclosing all facts that are *material* to the surety's risk. Defendants' inquiry as to insurance coverage did not relate to a material fact, that is, one immediately affecting defendants' liability as surety. See *id.*, § 131.

Defendants argue further that by undertaking to advise them about insurance coverage, plaintiff invoked a common-law duty to act with due care. While it is true that one who attempts to do anything has a duty to use some care and skill, 57 Am. Jur. 2d, Negligence § 45, defendants have presented no evidence that plaintiff did not use sufficient care and skill under the circumstances. Plaintiff's agent did not hold himself out as an expert on insurance. In addition, defendants had purchased the policy from their own insurance agent, and could have consulted him about the effect of a change in the ownership of the equipment. There is no evidence that the plaintiff breached any duty it owed to defendants.

The record supports the trial court's findings. We find no error in his denial of the motions for amendment of judgment and for new trial.

Affirmed.

Judges HEDRICK and VAUGHN concur.