RHODE ISLAND RECREATIONAL BUILDING AUTHORITY et al.

v.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND.

No. 83–282–Appeal.

Supreme Court of Rhode Island.

June 14, 1985.

**538**

Arlene Violet, Atty. Gen., Richard B. Woolley, Special Asst. Atty. Gen., for plaintiff.

John F. Dolan, Rice Dolan Kiernan & Kershaw, James Webster, Zietz Mittleman & Webster, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an action wherein the plaintiff, the Rhode Island Recreational Building Authority, seeks to recover money paid to the defendant, Industrial National Bank of Rhode Island, because of a default of mortgage payments on the part of the Community Hotel Corporation. The defendant filed a motion for summary judgment that was granted by the trial justice. The case is before this court on the plaintiff's appeal from said judgment.[1]

The plaintiff, pursuant to G.L.1956 (1969 Reenactment) § 42–38–2, entered into a "Commitment Agreement" with the Community Hotel Corporation of Newport, Rhode Island; the Recreational Foundation of Rhode Island, Inc.; and defendant. Pursuant to said agreement, defendant made a $500,000 loan to the foundation for the financing of the construction of a convention center adjacent to the Viking Hotel in Newport, Rhode Island. The foundation acted as the nominal borrower of the funds advanced by defendant, but at all times the Hotel Corporation was the only beneficiary of the funds and was directly obligated to pay defendant the mortgage payments set forth in the agreement. The plaintiff, pursuant to said agreement and a separate mortgage insurance agreement dated June 12, 1973, guaranteed the performance of the Hotel Corporation with respect to the mortgage note.

In connection with the loan closing, the Hotel Corporation had certified the costs of construction of the project as $548,183.14, plus $133,000 for land. According to § 42–38–10(2), plaintiff is prohibited from guaranteeing a sum greater than 75 percent of the total costs of the project. The

---

1. *Rhode Island Recreational Building Authority v. Michael J. Bove, Jr.,* C.A. No. 77–2341, is the companion case to the case at bar. The resolution of the case against the Boves in no way resolved this case, which remains ready for decision by this court.

loan amount guaranteed by plaintiff was $500,000.

The Hotel Corporation defaulted on its obligation under the note and mortgage, and defendant duly made demand on plaintiff to make the payments as required under the agreement and the mortgage insurance agreement. The plaintiff made interim payments for a time and ultimately paid the entire deficiency pursuant to both agreements. Following the default, plaintiff learned that the project costs had been overstated by $78,000.

The plaintiff brought suit against defendant in August of 1977. Although the complaint sets out four counts, plaintiff asserts that there is a basic allegation of fact common to all the counts: that defendant knew that the project costs were overstated and nevertheless represented to plaintiff that they were accurate. The plaintiff contends that had the actual verifiable cost of the project been made known, it might not have entered into the mortgage insurance agreement.

In reviewing the propriety of the summary judgment order, we are guided by the same standards as the trial justice. We must examine the pleadings, affidavits, admissions, and other pertinent documents in the light most favorable to the opposing party in an effort to determine whether an issue of material fact exists. *Steinberg v. State*, — R.I. —, —, 427 A.2d 338, 340 (1981). We shall only disturb the trial justice's ruling if we find that a genuine issue of material fact exists or that an error of law has been committed. *Ludwig v. Kowal*, — R.I. —, —, 419 A.2d 297, 304 (1980).

The trial justice found that it was not the facts that were in dispute but the legal effect of the transactions which the parties entered into that was in question. We therefore must decide whether his legal determinations are correct before we review the pertinent documents to see whether material issues of fact exist. *See Perron v. Treasurer of the City of Woonsocket*, 121 R.I. 781, 784, 403 A.2d 252, 254 (1979). His first determination is that this is a contract of suretyship, and his second is that defendant owes plaintiff no duty of disclosure in this situation.

■■■ The plaintiff asserts that the mortgage insurance agreement between the parties is clearly a contract of insurance since the guarantee of payment of the principal and interest of mortgage loans constitutes insurance. *United States v. Home Title Insurance Co.*, 285 U.S. 191, 195, 52 S.Ct. 319, 321, 76 L.Ed. 695, 699 (1932); *Metropolitan Police Retiring Association Inc. v. Tobriner*, 306 F.2d 775, 777 (D.C.Cir.1962). One must look to the intent of the parties, however, and not just to the technical language used, to determine whether a suretyship exists. *The Wurlitzer Co. v. Oliver*, 334 F.Supp. 1009, 1012 (1971). Generally, a surety is one who undertakes to pay money or perform other acts in the event that when his principal defaults, the surety becomes directly and immediately liable for the debt. *Hamilton v. Harida*, 280 Pa.Super. 45, 51, 421 A.2d 396, 399 (1980); *In re Brock's Assigned Estate*, 312 Pa. 7, 15, 166 A. 778, 781 (1933).

■■■ In considering this standard, we must affirm the trial justice's determination that this agreement, although styled as an insurance agreement, is actually a contract of suretyship. The plaintiff has agreed to make the mortgage payments to defendant only in the event that the principal, the Hotel Corporation, defaults. The intent to become immediately and directly liable only after the principal's default is clear evidence of a suretyship.

The plaintiff's enabling legislation, § 42–38–2, further supports our finding. Section 42–38–2 defines plaintiff as a public instrumentality that is expressly deemed to perform essentially governmental functions, namely, encouraging financial institutions to make mortgage loans for the purpose of furthering recreational expansion in the state. Pursuant to this statute, plaintiff induced defendant to make a mortgage loan to the Hotel Corporation by telling defendant that the projected project cost was low enough that it could guaran-

tee repayment of the loan obtained by the Hotel Corporation. In acting as a surety, plaintiff was fulfilling its purpose of inducing leading institutions to extend credit.

■ Having affirmed the trial justice's determination that this contract is a suretyship, we must now examine plaintiff's rights and obligations under the law of suretyship. "A contract of surety imports entire good faith and confidence between the parties in regard to the whole transaction * * *." *Lambert v. Heaton,* 134 So.2d 536, 540 (Fla.Dist.Ct.App.1961). Nothing about the nature of this relationship, however, requires the creditor to stand as a fiduciary and to disclose all material facts affecting the risk. *Sumitomo Bank of California v. Iwasaki,* 70 Cal.2d 81, 85–86, 447 P.2d 956, 959, 73 Cal.Rptr. 564, 567 (1968); *St. Charles National Bank v. Ford,* 39 Ill.App.3d 291, 295, 349 N.E.2d 430, 434 (1976). As the Supreme Court stated in *Magee v. Manhattan Life Insurance Company,* 92 U.S. 93, 98, 23 L.Ed. 699, 700 (1875), there is a duty incumbent on the surety "not [to] rest supine, close his eyes, and fail to seek important information within his reach." The surety has an even greater obligation to inquire about facts affecting his risk in a situation in which the surety assumed the risk at the debtor's request, not the creditor's. In this type of situation, the creditor can reasonably assume that the surety will make every effort to acquire all the necessary information from the debtor. *Sumitomo Bank of California v. Iwasaki,* 70 Cal.2d at 88, 447 P.2d at 961, 73 Cal.Rptr. at 569–70; *St. Charles National Bank v. Ford,* 39 Ill.App.3d at 295–96, 349 N.E.2d at 434.

■ In the case at bar, it appears that plaintiff did not agree to guarantee the loan for defendant's benefit but, conversely, used this guarantee to induce defendant to extend credit to the debtor, the Hotel Corporation. Because plaintiff was assuming the risk at the debtor's request, we hold that defendant could reasonably have assumed that plaintiff would have acquired all the information pertaining to this risk from the debtor.

Further, we find that not only did plaintiff have a duty to examine these representations under the law of suretyship but it also had an obligation to do so under § 42–38–10(2). Section 42–38–10(2) states that plaintiff is prohibited from guaranteeing a loan greater than 75 percent of the total costs of the project; plaintiff was thus obligated to verify the accuracy of the project costs before entering into the agreement. The trial justice's determination that plaintiff was unreasonable in its failure to investigate thoroughly the representations made by the debtor and defendant was accordingly proper.

Looking at all the pleadings and pertinent documents in the light most favorable to the nonmoving party, we find that there is no basis upon which liability can be predicated since the plaintiff, as surety, had the duty to inquire about information pertaining to its risk. We accordingly affirm the trial justice's granting of the defendant's motion for summary judgment.

.The plaintiff's appeal is denied and dismissed, the granting of the motion for summary judgment is affirmed, and the papers in the case are remanded to the Superior Court.