CHRYSLER CREDIT CORPORATION, Plaintiff–Third/Party Defendant–Appellee,

v.

Nancy MARINO, Defendant–Appellant,

and

Herman J. Marino, Defendant–Third/Party Plaintiff–Appellant.

No. 94–3332.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1995.

Decided Aug. 15, 1995.

Rehearing Denied Oct. 5, 1995.

---

Robert L. Reeb, Keck, Mahin & Cate, Chicago, IL, Maurice J. McCarthy (argued), James W. Fessler, Mark W. Zimmerman, Querrey & Harrow, Chicago, IL, for plaintiff-appellee.

Herman J. Marino (argued), Chicago, IL, for defendants-appellants.

Before RONEY,* BAUER, and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

Herman Marino and Michael Concialdi were shareholders, officers, and directors of Anthony Dodge, Inc., an automobile dealership. Marino was the Secretary and Treasurer and Concialdi was the President and registered agent. Anthony Dodge arranged for Chrysler Credit Corporation to lend it money and extend it credit. As is typical with this type of arrangement, Chrysler required Marino and Concialdi and their wives to personally guaranty the debts of Anthony Dodge as a condition of loaning money and extending credit to the dealership. Around August 1, 1990, the Marinos and the Concialdis executed separate but identical guaranties for the indebtedness of Anthony Dodge to Chrysler. After the guaranties were signed, Chrysler loaned money and extended credit to Anthony Dodge.

Anthony Dodge subsequently defaulted on its indebtedness to Chrysler and owes $451,-292.44. In 1992, in response to Anthony Dodge's default, Chrysler first brought a re-plevin action in federal court against Anthony Dodge seeking satisfaction of its debt. When that piece of litigation got bogged down, Chrysler brought this action against the Marinos and the Concialdis seeking enforcement of their guaranties. The Marinos answered and asserted counterclaims; the Concialdis failed even to answer. Chrysler moved to dismiss the counterclaims and for summary judgment. The district court granted both motions, and the Marinos appeal. We affirm.

 The parties agree that the guaranty dictates that the law of Illinois applies to this dispute. Under Illinois law, contracts are enforced according to their terms. *See, e.g., Citicorp Sav. v. Ascher,* 196 Ill.App.3d 570, 143 Ill.Dec. 474, 476, 554 N.E.2d 409, 411 *appeal denied,* 133 Ill.2d 553, 149 Ill.Dec. 317, 561 N.E.2d 687 (1990). Guaranties are contracts to be interpreted in accordance with their clear and unambiguous meaning. *Bank of Benton v. LaBuwi,* 194 Ill.App.3d 489, 141 Ill.Dec. 562, 566–67, 551 N.E.2d 749, 753–54 (1990). "That principle applies with full vigor to waivers in a guaranty: When they are clear and unambiguous, Illinois courts consistently enforce them." *BA Mortgage and Int'l Realty Corp. v. American Nat'l Bank and Trust Co.,* 706 F.Supp. 1364, 1376 (N.D.Ill.1989) (citations omitted).

The guaranty clearly states that it was made to induce Chrysler to make the loan and extend the credit to Anthony Dodge. It also obligates the guarantors to make prompt payment when all indebtedness of the Anthony Dodge becomes due and relieves Chrysler of taking any action against Anthony Dodge prior to seeking payment from the guarantors. Most importantly for our purposes, the guaranty also contains a clause in which the guarantors waive "each and every defense" under principles of guaranty or suretyship law. In addition to this general waiver, this clause enumerates several, specific defenses waived by the guarantors.

This contract is clear and unambiguous. We therefore must accord it its clear meaning: That the Marinos guaranteed payment in the event of Anthony Dodge's default and waived each and every defense available to them under suretyship law. The Marinos do not disagree with this interpretation, at least not directly. They do, however, make arguments that, when viewed properly, are designed to subvert the guaranty's clear meaning. A sketch of the underlying transaction will be a useful reference for our evaluation of the Marinos' confusing and ultimately unavailing arguments.

This guaranty (and that of the Concialdis) was necessary for Chrysler to extend funds

---

* The Honorable Paul H. Roney, Judge of the United States Court of Appeals for the Eleventh Circuit, is sitting by designation.

and credit to Anthony Dodge. Necessary because, as we noted out during the course of oral argument, Chrysler was and is good for its money, while a small-business borrower often is not. Further recognition of this fact is Chrysler's demand of the Marinos' waiver of all defenses. Far from some spurious request of Chrysler's, the waiver was a term critical to the completion of the loan. It permitted Chrysler to force the Marinos to pay in the event of a default and hold the stake while sorting out the anticipated (and ultimately realized) dispute over the indebtedness.

■ Clearly, the waiver of defenses benefits Chrysler and works to the Marinos' disadvantage. Principally, the waiver substantially increases the Marinos' risk since, after satisfying the debt, they must pursue payment from the apparently faltering business. But that is precisely the idea behind guaranties generally. The waiver, however, does not deny the Marinos substantive rights against Chrysler because they retain subrogation rights against Anthony Dodge. Subrogation, though, also has its downside, for the Marinos are required to pay sooner and assert any claims that might entitle them to some rebate from Chrysler later. So, when the Marinos allude to certain hardships this guaranty agreement works upon them, they are right. But, the guaranty was the price to be paid for securing credit for Anthony Dodge, and this is the deal to which the Marinos agreed. In fact, the events against which Chrysler attempted to protect itself by securing the guaranty were realized; Anthony Dodge defaulted, and after three years, Chrysler still holds the bag, having received payment from neither the debtor nor the guarantor. This transaction certainly illustrates the need (if not the effectiveness) for such a guaranty containing the requisite waivers. We can now entertain the Marinos' arguments that they believe entitle them to evade the obligations their guaranty so clearly thrusts upon them.

■ The Marinos first argue that the district court erred in refusing its request to stay the instant action. They based their request on the existence of the ongoing replevin action filed by Chrysler against Anthony Dodge in federal court. We can dispose of this argument summarily.

■ We review the denial of a motion to stay proceedings pending the completion of another lawsuit for an abuse of discretion. *See, e.g., Aetna Cas. and Sur. Co. v. Kerr–McGee Chemical Corp.,* 875 F.2d 1252, 1255 (7th Cir.1989) (citations omitted). The Marinos first argue that this case should have been stayed under the doctrine established by *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Colorado River* and its progeny, however, address the stay of federal proceedings pending the conclusion of parallel state actions and that is how we have applied it. *See, e.g., Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir. 1994). Here, both the guaranty and replevin actions were filed in federal court in the Northern District of Illinois. Consequently, abstention from the guaranty action under *Colorado River* is inapplicable.

■ There is the possibility that the Marinos are actually, but inartfully, arguing that this guaranty action should be stayed because it is duplicative of the replevin action. That would be a different story, but no more compelling. A federal suit may be dismissed for "reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) (citations omitted). A suit is only duplicative if it involves the "same claims, parties, and available relief." *Id.* This guaranty suit involves neither the same claims nor the same parties.

■ Notwithstanding Herman Marino's strenuous protestations to the contrary, he is not a party to the replevin action. He was not named in the complaint and has not intervened or been joined as a party. Marino, acting as counsel for Anthony Dodge, apparently included his own name in the caption of documents filed in the replevin action, and it appears that the district judge in the replevin action inadvertently also included Marino's name in the caption of some of his orders. One does not become a party, however, simply because his name appears

on some captions. Marino has produced no evidence that he became a party in that action, so we do not consider him one.

The claims in this action, moreover, are not the same as the ones in the replevin action. Whatever else the Marinos want to make this case, it is about their guaranty to Chrysler. The replevin action is about many things, but the guaranty is not one of them. Our description of the substance of this transaction demonstrates that the parties intentionally structured the guaranty independently of the loan agreements. This case, therefore, is not duplicative of the replevin action, and the district court properly refused the Marinos' motion to stay.

■ The Marinos make one other argument regarding their motion to stay the proceedings based on 735 ILCS 5/2–619(a)(3) of the Illinois Code of Civil Procedure. This provision is the Illinois equivalent of the federal common law rule regarding duplicative lawsuits and permits a trial judge to dismiss a case if there is another one pending "between the same parties for the same cause." We have never decided whether this statute applies to federal diversity cases. *Aetna Casualty,* 875 F.2d at 1255. We also refuse this most recent invitation to consider that question because even if it does apply in federal diversity cases, it does not apply to this one. Our preceding discussion demonstrates that these are not the same parties for the same cause as in the replevin action. The Illinois provision, on its face, requires at least this much. This section is therefore inapplicable to this action.

Next, Herman Marino, but not Nancy Marino, asserts several (what he calls) counterclaims. We review them *de novo,* but agree with the district court that they were properly dismissed.

■ Marino's "counterclaims" include breach of the duty of good faith, fraudulent concealment of criminal conduct by Concialdi, and fraudulent disposition of collateral. They look for all the world like defenses. It appears that Marino has attempted to sneak

them in the back door by calling them counterclaims because he has waived his defenses. In addition, he casts the latter two claims as "fraudulent" hoping that, because fraud cannot be waived, these also will escape the doom of the waiver provision of the guaranty. But labels and characterizations alone do not remake these claims such that we will allow Marino to circumvent the explicit terms of his guaranty of payment.

■ First, Marino's claim of a breach of the duty of good faith is inapplicable. The contractual duty of good faith only applies as a method by which gaps in the contract are filled. *See, e.g., Continental Bank, N.A. v. Everett,* 964 F.2d 701, 705 (7th Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992). Its application is limited to instances in which a party is given discretion in enforcing certain provisions of the contract. *Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.,* 958 F.2d 186, 189 (7th Cir.1993). Principles of good faith, however, "do not block use of terms that actually appear in the contract." *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting,* 908 F.2d 1351, 1357 (7th Cir.1990). Marino has failed to point to any exercise of discretion with respect to which Chrysler has acted in bad faith. Furthermore, Marino points to no gaps in the guaranty agreement that are in issue; the only issues in this case turn squarely on the guaranty's terms, principally with respect to the crystal clear waiver of defenses. Good faith is not implicated, and this claim fails.

■ As for fraudulent concealment, Marino claims that Chrysler forced Concialdi upon him as a partner and knew of Concialdi's criminal conduct before and after the loan was executed. Aside from the unrefuted evidence adduced in support of Chrysler's motion for summary judgment that demonstrates that this claim is a bold-faced lie,[1] we take the claim as true for these purposes. Even if true, the claim fails for several reasons.

---

1. We do not, of course, consider this evidence in our determination of whether dismissal of this claim was proper.

First, in the context of the guarantor-guarantee relationship, there is no duty of care or loyalty requiring disclosure by the guarantee to the guarantor; we assume they do their own investigation. *Continental Bank*, 964 F.2d at 703; *Magna Bank v. Jameson*, 237 Ill.App.3d 614, 178 Ill.Dec. 285, 288, 604 N.E.2d 541, 544 (1992). We imagine this is especially true with respect to one's partner in a venture and co-guarantor. Second, even if this claim could be properly maintained, it would be as a defense, which has been specifically waived. The fraudulent concealment claim, therefore, fails.

With respect to the claim regarding the disposition of collateral, Marino's characterization of the disposition as fraudulent is purely self-serving. He waived the commercial reasonableness requirement of the disposition of collateral, which Illinois permits him to do. *See Continental Bank*, 964 F.2d at 704 (collecting cases). So, this claim fails as well.

Marino makes one more attempt to rescue his claim regarding the disposition of the loan's collateral. He claims that Chrysler is judicially estopped from invoking Marino's waiver of all defenses by virtue of a statement made by Chrysler's counsel during the course of the replevin action. A party who prevails in the first case by asserting some proposition may not seek to prevail in a later case by asserting its opposite; the party is said to be judicially estopped from asserting the latter position. *Kale v. Obuchowski*, 985 F.2d 360, 361 (7th Cir.1993). Judicial estoppel, however, does not apply here.

The Chrysler's counsel's comment which Marino believes activates the estoppel doctrine was made in response to a motion filed by Marino personally requesting that the district judge put the loan's collateral in a constructive trust. Counsel for Chrysler argued that Marino was not a party, that a constructive trust was not necessary, and that the appropriate forum for Marino to assert his rights as a guarantor would be in defending a suit on the guaranty. These statements were, of course, true. They were also made in the context of arguing Chrysler's own motion for declaratory judgment.

The district judge in the replevin action denied Chrysler's motion for declaratory judgment and did not consider Marino's motion on the merits; the judge simply elicited an admission from Chrysler that it intended to honor its obligation to Anthony Dodge to dispose of the collateral in a commercially reasonable manner. There was no position asserted by Chrysler, except that Marino was not a party. Also, Chrysler failed to win anything in making this statement, neither in the short term (its motion for declaratory judgment was denied) nor in the long term; the replevin action is still active as far as we know. Chrysler, then, is not estopped from asserting Marino's waiver of defenses.

Next, we come to the matter of the award of summary judgment to Chrysler. Here, the Marinos contest the district court's calculation of the amount of the debt and whether the guaranty of Nancy Marino is supported by consideration. Regarding the amount owed by Anthony Dodge, Chrysler submitted as part of its Local Rule 12(m) statement several business records in support of its prayer for relief. The district court determined that there was no genuine issue of material fact because it determined that the only evidence submitted by the Marinos, just one affidavit by the dealership's controller, either failed to meet the strict requirements of Local Rule 12(n) or was not based on admissible evidence. These are permissible grounds on which to exclude evidence from a decision on a motion for summary judgment, *see Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992); *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267–68 (7th Cir.1994), and we agree with the district court's assessment. But even if we did not, Marino could not prevail because this affidavit simply attempts to prove the existence of credits and offsets against the debt. Marino waived such a defense in the guaranty. Summary judgment was therefore proper regarding the amount of the debt owed Chrysler by Anthony Dodge.

Lastly, the Marinos claim that the guaranty of Nancy Marino was not supported by consideration. Sufficient consideration exists for a wife where credit is extend-

ed in reliance on her guaranty. *Burke v. Burke,* 89 Ill.App.3d 826, 45 Ill.Dec. 71, 412 N.E.2d 204 (1980); *State Bank of Arthur v. Sentel,* 10 Ill.App.3d 86, 293 N.E.2d 444 (1973). Chrysler demonstrated that Nancy's signature on the guaranty was required by Chrysler prior to the extension of credit to Anthony Dodge; its representative even made a special trip to her home to obtain her signature. Nancy Marino, therefore, received sufficient consideration in exchange for her guaranty, and summary judgement was proper on this claim.

For the foregoing reasons, the order of the district court in favor of Chrysler and against Herman and Nancy Marino is

AFFIRMED.