CITICORP SAVINGS OF ILLINOIS *et al.*, Plaintiffs-Appellants, v. WALTER ASCHER *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—1856

Opinion filed March 30, 1990.

Liebling & Hauselman, of Chicago, for appellants.

Tobin M. Richter, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:
Plaintiffs appeal from an order dismissing count III of their complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). We address the issue of

whether defendants can be liable under their guaranty for a deficiency judgment resulting from a foreclosure sale. For the following reasons, we affirm.

On May 5, 1986, plaintiffs filed a complaint against defendants for foreclosure of an installment agreement in count I, for an accounting in count II, and for enforcement of defendants' personal guaranty in count III. Count III was directed against defendants Walter Ascher, Donald S. Schak, and Edgar J. Kasanders[1] and alleged that plaintiff, First National Bank of Lake Forest as trustee under trust number 3377 (Lake Forest Trust), owned 11 condominium units in the Willow Creek Commons Condominiums located in Palatine, Illinois. Plaintiff, Bank of Lyons as trustee under trust number 1384 (Lyons Trust), owned three condominium units in the same complex. Defendants were beneficial owners of the Lake Forest Trust and the Lyons Trust.

In an installment agreement dated April 1, 1980, the Lake Forest Trust and the Lyons Trust sold their interest in the condominium units to First Bank of Oak Park as trustee under trust number 11944 (Oak Park Trust). The installment agreement, which was attached as an exhibit to plaintiff's complaint, required Oak Park Trust to make periodic payments beginning on June 1, 1980, and to pay the remaining balance in full on April 1, 1985. Paragraph 11 of the agreement provided that if the purchaser failed to make any of the payments when due, the sellers could, at their option, forfeit the agreement and retain the payments made "in full satisfaction and as liquidated damages." The installment agreement also provided in paragraph 15 that "[t]he remedy of forfeiture herein given to Seller shall be exclusive of any other remedy[.]"

In an assignment agreement dated February 27, 1981, defendants sold their interest in three contracts to plaintiff, 1st Financial Savings & Loan Association (1st Financial Savings), now known as Citicorp. One of the three contracts sold in the assignment agreement was the installment agreement. The assignment agreement, which was attached as an exhibit to plaintiffs' complaint, contained a guaranty clause where defendants guaranteed Oak Park Trust's obligation under the installment agreement. On the same day, defendants sold their beneficial interest in the Lake Forest Trust and the Lyons Trust to 1st Financial Savings.

Oak Park Trust failed to pay 1st Financial Savings the balance in

---

[1] Although a notice of appeal and a brief was filed on behalf of Ascher, Schak, Kasanders, and Willow Creek Commons, count III of the complaint, which is at issue on appeal, was not directed against Willow Creek Commons.

full on April 1, 1985, as required under the installment agreement, and defendants did not pay the balance due as required under the guaranty contained in the assignment agreement.

In count III of their complaint, plaintiffs alleged that under their guaranty, defendants were liable for any deficiency that could result between the sale price of the condominiums at a foreclosure sale and the amount due under the installment agreement.

On November 25, 1986, defendants were found in default for their failure to file an appearance and a judgment of foreclosure and sale was entered on count I. The judgment found Oak Park Trust owed approximately $595,500 under the installment agreement, which included principal and interest to that date. The judgment contained a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal from the order. The judgment also provided that if the proceeds from the sheriff's sale were not sufficient to pay plaintiffs the amount due, Oak Park Trust would be liable for the deficiency. Plaintiffs purchased the property at the sheriff's sale for $413,000, leaving a deficiency of approximately $190,500.

On February 9, 1987, with leave of court subsequently granted on March 3, 1987, defendants filed an appearance and a counterclaim against plaintiffs. Defendants also moved to dismiss count III of the complaint pursuant to section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). On June 30, 1987, the trial judge dismissed count III, and within 30 days, plaintiffs filed a motion to reconsider the order. On May 17, 1988, the trial judge denied the motion and, because count II remained pending, found that there was no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a). Plaintiffs filed a timely notice of appeal from the orders entered May 17, 1988, and June 30, 1987.

OPINION

■ In reviewing the dismissal of an action under section 2—615, the court must accept all well-pled facts and reasonable inferences from plaintiff's complaint as true. (*Logsdon v. Shelter Mutual Insurance Co.* (1986), 143 Ill. App. 3d 957, 493 N.E.2d 748.) A cause of action should not be dismissed unless it appears from the pleadings that no set of facts could be proven that would entitle plaintiff to recovery. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) In count III of their complaint, plaintiffs sought to enforce defendants' guaranty to the extent of the deficiency after the foreclosure sale of the condominiums.

Initially, plaintiffs argue that under the doctrine of *res judicata*, the judgment of foreclosure and sale entered on count I of their complaint bound defendants to the deficiency judgment sought in count III. Plaintiffs claim "[h]aving failed to object to said [j]udgment, the defendants *** are bound under the doctrine of *res judicata* by the relief provided for therein, including the foreclosure and sale of the subject property, and a decree for the deficiency." According to the doctrine of *res judicata*, an adjudication on the merits is conclusive as to the rights of the parties and is an absolute bar to a subsequent action against them involving the same claim, demand, or cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) The judgment of foreclosure was entered on count I of plaintiffs' complaint and provided that if there was a deficiency, plaintiffs would be entitled to a deficiency judgment against Oak Park Trust. The judgment, however, did not address defendants' liability for a deficiency based on their guaranty and, for this reason, the doctrine of *res judicata* is inapplicable to the resolution of the issue in this case.

A guaranty must be construed as any other contract to determine the intent of the parties. (*Blackhawk Hotel Associates v. Kaufman* (1981), 85 Ill. 2d 59, 421 N.E.2d 166.) Where the language is not ambiguous, it must be construed according to its terms. (*McLean County Bank v. Brokaw* (1988), 119 Ill. 2d 405, 519 N.E.2d 453.) A guaranty must be strictly construed without varying or extending its liability beyond its terms and the guarantor "is bound only to the extent and in the matter and under the circumstances pointed out in his obligation." *Exchange National Bank v. Bergman* (1987), 153 Ill. App. 3d 470, 473, 505 N.E.2d 1236, 1238.

The guaranty stated, in relevant part:

"5. *PERSONAL GUARANTIES OF SELLERS*. DONALD S. SCHAK, EDGAR J. KASANDERS and WALTER ASCHER jointly and severally guaranty the full and prompt payment to Purchaser, when due, whether by acceleration or otherwise, and at all times thereafter, of any and all kind, indebtedness, obligations and liabilities of every kind and nature *under said contracts*. This guaranty shall be a continuing, absolute nonconditional guaranty and shall remain in full force and effect until any and all said indebtedness, obligations and liabilities *under said contracts* shall be paid to Purchaser. No release or discharge shall be made of any one or more of the guarantors, unless and until all of said indebtedness, obligations and liabilities shall have been fully paid and discharged." (Emphasis added.)

It is clear from the language used throughout the assignment agreement that the words "under said contracts" in the guaranty referred to the three contracts which were the subject of the agreement. One of those three contracts was the installment agreement. Therefore, when the guaranty used the words "under said contracts" it was referring to the installment agreement.

Plaintiffs argue that the guaranty must be construed as a separate contract from the installment agreement because they were executed on different dates. However, the guaranty states that defendants guaranteed Oak Park Trust's "indebtedness, obligations and liabilities" under the installment agreement and, therefore, in determining the scope of the guaranty, we must consider the extent of Oak Park Trust's obligation under the installment agreement.

■■ ■ Under the installment agreement, Oak Park Trust was required to make certain payments including the payment of the balance in full on April 1, 1985. Oak Park Trust failed to make that last payment. The installment agreement provided that in the case of default, plaintiffs' only remedy was forfeiture, by which they would retain all of Oak Park Trust's payments made under the installment agreement "in full satisfaction and as liquidated damages." Under the remedy of forfeiture, the contract is terminated and unpaid installments cannot be recovered. (*Cala v. Gerami* (1985), 137 Ill. App. 3d 936, 484 N.E.2d 1199.) Rather than declare a forfeiture, which was the exclusive remedy under the agreement, plaintiffs obtained a judgment for foreclosure and attempted to enforce defendants' guaranty for the deficiency.

The scope of defendants' guaranty was limited by Oak Park Trust's obligation under the installment agreement which gave plaintiffs the exclusive remedy of forfeiture in the case of a default. The parties did not agree to the remedy of foreclosure. Defendants' guaranty, therefore, would not extend beyond forfeiture.

Plaintiffs rely on *Illini Federal Savings & Loan Association v. Childers* (1980), 88 Ill. App. 3d 1124, 411 N.E.2d 110, where the appellate court found defendants' guaranty survived a forfeiture. In *Illini*, the parties signed an agreement which contained a provision stating that defendants' liability "shall remain notwithstanding any forfeiture." (*Illini*, 88 Ill. App. 3d at 1126, 411 N.E.2d at 112.) Although conceding that the guaranty in the present case did not contain similar language, plaintiffs argue that here, as in *Illini*, defendants' guaranty survived forfeiture. We believe, however, that the absence of similar language in the present guaranty renders *Illini* inapplicable to the present case.

Because defendants guaranteed Oak Park Trust's obligation under the installment agreement and because plaintiffs' only remedy under the installment contract was forfeiture, defendants' guaranty cannot encompass liability for a deficiency judgment resulting from a foreclosure as alleged under count III of the complaint.

Affirmed.

MURRAY and GORDON,* JJ., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and has listened to the oral argument tape.