OMNITRUS MERGING CORPORATION, Plaintiff-Appellant, v. ILLINOIS TOOL WORKS, INC., Defendant-Appellee.

First District (1st Division)   No. 1—92—2761

Opinion filed December 30, 1993.

Pope & John, Ltd., of Chicago (Dean A. Dickie and John J. O'Shea, of counsel), for appellant.

Jenner & Block, of Chicago (Joan M. Hall and Patricia A. Bronte, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Omnitrus Merging Corporation, brought an action seeking rescission, indemnification, and damages against defendant, Illinois Tool Works, Inc., for defendant's alleged fraudulent misrepresentations and breach of certain warranties in relation to a merger agreement entered into between the parties. The trial judge granted defendant's motion for summary judgment (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005 (now 735 ILCS 5/2—1005 (West 1992))) on the grounds that indemnification was plaintiff's exclusive remedy under the contract, that plaintiff's action was barred by the limitations period included in the contract, and that plaintiff's action was barred by the doctrine of *laches*. On appeal, plaintiff contends: (1) that the trial judge erred in finding that indemnification is plaintiff's exclusive remedy under the contract; (2) that the merger agreement does not place a time limit on the filing of an appropriate action under the agreement; and (3) that the trial judge erred in applying the doctrine of *laches*. We affirm the judgment of the trial court.

On November 19, 1987, plaintiff acquired Truswal Systems Corp. from defendant. The merger agreement which the parties signed became effective on January 6, 1988. Plaintiff alleges that on December 12, 1989, plaintiff became aware that defendant made certain material misrepresentations during the negotiation of the purchase. On December 28, 1989, plaintiff gave defendant notice of the alleged breaches of warranty. According to plaintiff, this notice began a contractually mandated six-month negotiation period. At the conclusion of the six-month negotiation period, the controversy remained unresolved. Therefore, on June 29, 1990, one day after the six-month period had elapsed, plaintiff filed its complaint.

Plaintiff subsequently filed a second-amended complaint in which it requested (a) indemnification under section 8.2 of the merger agreement, (b) rescission for breach of warranty, (c) damages for common law fraud, and (d) rescission for common law fraud. Defendant filed a motion for summary judgment (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005 (now 735 ILCS 5/2—1005 (West 1992))) on the grounds that plaintiff's action was barred by the exclusive remedy provision in section 8.2 of the merger agreement, by the limitations period in section 8.3 of the agreement, and by the doctrine of *laches*.

The trial judge granted defendant's motion for summary

judgment for all the reasons asserted by defendants in their motion. Plaintiff filed a timely appeal to this court.

Plaintiff's first contention on appeal is that the trial judge erred in finding that indemnification is its exclusive remedy under the contract. Plaintiff contends that the term "exclusive of" in section 8.2 of the merger agreement is reasonably susceptible of more than one meaning and thus makes the contract ambiguous. Therefore, plaintiff maintains that the trial judge erred when he found the contract to be unambiguous as a matter of law. Further, plaintiff asserts that it is settled Illinois law that an ambiguity in a contract is a question of fact for the jury. (*TDC Development Corp. v. First Federal Savings & Loan Association* (1990), 204 Ill. App. 3d 170, 561 N.E.2d 1142.) Plaintiff argues that, when a contract is unambiguous, the trial judge may only consider the contract from "within its four corners." Plaintiff contends that the trial judge erred, therefore, when he considered extrinsic evidence offered by defendant, but struck similar parol evidence offered by plaintiff. Plaintiff asserts that the trial judge implicitly recognized that an ambiguity existed by his use of parol evidence in arriving at his conclusion.

On the other hand, defendant maintains that the term "exclusive of" is unambiguous. Defendant contends that the only reasonable interpretation of section 8.2 is that indemnification is plaintiff's exclusive remedy or else the other provisions of the merger agreement would be rendered meaningless. Additionally, defendant asserts that prior judicial interpretations and other legal authorities are not parol evidence.

Section 8.2(f) of the merger agreement states:

> "*The indemnity under this section 8.2 is exclusive of any other rights or remedies which [plaintiff]* or its subsidiary corporations, or any of their respective successors or assigns, *may have at law or in equity* on account of, or with respect to, any of the matters covered by this Section 8.2, or any other action based upon any of the representations, warranties or covenants set forth in this Agreement." (Emphasis added.)

In coming to the conclusion that this paragraph clearly and unambiguously provides for indemnification to be plaintiff's exclusive remedy, the trial judge considered both Williston on Contracts (12 S. Williston on Contracts § 1457 (3d ed. 1970)) and the appellate court decision in *Citicorp Savings v. Ascher* (1990), 196 Ill. App. 3d 570, 554 N.E.2d 409. At the same time, the judge refused to consider and struck the affidavit of Professor Judith N. Levi, a linguistics professor from Northwestern University, who averred that the term "exclusive of" has at least seven different meanings under the plain and ordinary usage of that term.

Summary judgment is proper when the pleadings, affidavits, and other evidence on file viewed in the light most favorable to the non-movant demonstrate that there is no issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005 (now 735 ILCS 5/2—1005 (West 1992)); *Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 730, 523 N.E.2d 30, 33.) The construction of a contract is a question of law for the trial judge and thus suitable for summary judgment. *Srivastava*, 168 Ill. App. 3d at 730, 523 N.E.2d at 33.

The primary objective in contract construction is to give effect to the intention of the parties and that intention is to be ascertained from the language of the contract. (*Srivastava*, 168 Ill. App. 3d at 730, 523 N.E.2d at 33.) If a contract is clear and unambiguous, the judge must determine the intention of the parties "solely from the plain language of the contract" and may not consider extrinsic evidence outside the "four corners" of the document itself. (*Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684, 689, 500 N.E.2d 431, 434.) "Clear and unambiguous contract terms must be given their ordinary and natural meaning" and contracts must be interpreted "as a whole, giving meaning and effect to each provision thereof." *Srivastava*, 168 Ill. App. 3d at 730, 523 N.E.2d at 33.

A contract term will only be found to be ambiguous "if the language is reasonably or fairly susceptible to more than one construction." (*Tishman*, 146 Ill. App. 3d at 689, 500 N.E.2d at 434.) Although the question of whether a contract is clear or ambiguous is a question of law for the court (*Tishman*, 146 Ill. App. 3d at 688, 500 N.E.2d at 434), the meaning of any ambiguity found by the court is a question of fact for the determination of the jury. (*TDC Development Corp.*, 204 Ill. App. 3d at 175, 561 N.E.2d at 1145.) Moreover, "[o]nce the trial court has interpreted the contract as a matter of law, the reviewing court may likewise independently construe the contract." *Tishman*, 146 Ill. App. 3d at 689, 500 N.E.2d at 435.

Illinois courts have recognized and enforced exclusive remedy provisions in contracts. (See *Veath v. Specialty Grains, Inc.* (1989), 190 Ill. App. 3d 787, 546 N.E.2d 1005; *Citicorp Savings*, 196 Ill. App. 3d at 575, 554 N.E.2d at 412.) In fact, remedy provisions have been held to be exclusive even absent the express use of the word "exclusive" in the contract when that is the only reasonable construction of the contract as a whole. *Veath*, 190 Ill. App. 3d at 797, 546 N.E.2d at 1011.

■ Based on the above-stated principles, we agree with the trial judge that the language in the merger agreement which provided

that indemnification "is exclusive of any other rights or remedies" is clear and unambiguous and intended to be plaintiff's exclusive remedy. Although the term "exclusive of" may have different meanings depending on the context in which it is used, its use in this contract was clearly intended by the parties to mean that indemnification was plaintiff's exclusive remedy. See, *e.g., IK Corp. v. One Financial Place Partnership* (1990), 200 Ill. App. 3d 802, 811, 558 N.E.2d 161, 168.

Additionally, the trial judge did not improperly rely upon parol evidence by considering Williston on Contracts or the decision in *Citicorp Savings*. Moreover, we do not believe that he erroneously struck the affidavit of plaintiff's expert as inadmissible parol evidence.

Since the question of whether a contract is clear or ambiguous is a question of law (*Srivastava*, 168 Ill. App. 3d at 732, 523 N.E.2d at 35), it is proper for a court to consider legal precedent when deciding the issue. (See *IK Corp.*, 200 Ill. App. 3d at 811, 558 N.E.2d at 169 (interpreting the contract term "subject to" to be unambiguous as a matter of law in reliance upon prior case law).) Articles and treatises on the law by practitioners and legal scholars such as Williston are uniformly considered by all in the profession to be persuasive legal authority. On the other hand, Professor Levi's affidavit is not such authority and is properly considered parol evidence.

Even assuming Williston was improper parol evidence, however, the trial judge correctly followed the precedent established in the *Citicorp Savings* case. We agree with the trial judge that to assert that judicial precedent is improper parol evidence is "an absurd argument."

In *Citicorp Savings*, the remedy provision in the parties' contract provided that "[t]he remedy of forfeiture herein given to Seller shall be *exclusive of any other remedy*[.]" (Emphasis added.) (196 Ill. App. 3d at 572.) This language is almost identical to the language at issue here. The *Citicorp Savings* court construed this provision as an exclusive remedy clause limiting the seller to the remedy of forfeiture. In the instant case, it was not only proper for the trial judge to consider the decision in *Citicorp Savings*, but he was obligated to follow it. If the judge had ignored this case and held the provision in the merger agreement to be ambiguous, and we were likewise forbidden from considering it, then an irreconcilable conflict would exist in the decisions of this State's courts. A State's law must be consistent so that parties can conform their conduct. Individuals who desire to include exclusive remedy provisions in their contracts would not have a uniform body of law to rely upon and would proceed at their own risk subject to the interpretations of individual judges.

Consequently, for the above-stated reasons, we believe that the

exclusive remedy provision in section 8.2(f) of the merger agreement was clear and unambiguous and that plaintiff was limited to the remedy of indemnification.

■ Plaintiff's second contention on appeal is that nowhere in section 8.3 of the merger agreement is a time limitation placed on the filing of a lawsuit. Plaintiff asserts that the trial judge improperly created his own statute of limitations. Defendant, on the other hand, maintains that section 8.3 is clear and unambiguous in its requirement that plaintiff file any action within six months of providing notice to defendant. Defendant argues that any other interpretation would render this section meaningless.

Section 8.3 of the merger agreement entitled "Limitation on Indemnification" provides in pertinent part:

"(a) *Term.* [Plaintiff's] right to indemnification *** shall terminate on December 31, 1989.

(b) *Extension for Certain Claims.* If prior to the expiration of the period set forth in paragraph (a) [plaintiff] shall give written notice to [defendant] identifying any covenant, agreement, representation or warranty which is inaccurate or has been breached, or any liability which has been or may be asserted, setting forth in reasonable detail facts and circumstances showing that [plaintiff] has suffered or incurred or may suffer or incur any damage, liability, loss or deficiency arising out of or resulting from such inaccuracy or breach, or liability, then (i) if [defendant] concurs in writing with the contentions set forth in the notice, it shall promptly proceed to indemnify [plaintiff], and the indemnity contained in Section 8.2 shall survive *** until [defendant] has indemnified and saved and held [plaintiff] harmless therefrom; and (ii) if [defendant] does not concur in writing with the contentions set forth in the notice, [defendant] and [plaintiff] shall endeavor to negotiate in good faith to attempt to reach an agreement with respect to the subject matter of the notice, and the indemnity contained in Section 8.2 with respect to such covenant, agreement, representation, warranty or liability shall continue until the expiration of the applicable time period provided in Section 8.3(a) or six months from the date of receipt of [plaintiff's] notice, whichever shall last occur; provided, however, that if [plaintiff] and [defendant] do not enter into a written agreement with respect to such dispute on or before the date of expiration of such period, and if [plaintiff] shall file appropriate action with respect thereto in a court of competent jurisdiction, then the indemnity contained in Section 8.2 with respect to such covenant, agreement, representation, warranty or liability shall survive until such time as the matter has been finally determined

by such court, and for such further period as the court, in its discretion, may order."

We believe the trial court's conclusion that the limitation provision required that plaintiff file an action within the six-month period was correct and that the court did not "create[ ] a new contractual provision to support its desired decision."

Section 8.3 requires that the parties make a good-faith effort to settle their disagreements. Section 8.3 further provides that plaintiff's right to indemnification would expire either on December 31, 1989, or "six months from the date of receipt of [plaintiff's] notice, whichever shall last occur." In this case, plaintiff gave notice on December 28, 1989. Therefore, according to the provisions of section 8.3, plaintiff's right to indemnification would expire on June 28, 1990. Plaintiff filed its lawsuit on June 29, 1990, one day after its right to indemnification contractually expired. However, an exception to this expiration date was also provided. Section 8.3(b) stated that "if [plaintiff] and [defendant] do not enter into a written agreement with respect to such dispute on or before the date of expiration of such period, and if [plaintiff] shall file appropriate action with respect thereto in a court of competent jurisdiction, then the indemnity contained in Section 8.2 *** shall survive until such time as the matter has been finally determined by such court."

When contractual language is susceptible to several constructions, a court will not place an illogical and ridiculous construction upon the language. (*Tishman*, 146 Ill. App. 3d at 691, 500 N.E.2d at 435-36.) Additionally, the issue of whether an ambiguity exists is a question of law and contractual language is not ambiguous simply because the parties disagree upon its meaning. (*Srivastava*, 168 Ill. App. 3d at 732, 523 N.E.2d at 35.) The only logical interpretation of this provision is that an action must be filed within the six-month period. In order for a right to "survive," it cannot have already expired. If plaintiff filed an action after the six-month period had expired, then there would be no viable right which could survive. Thus, plaintiff was required to file within the six-month period while its right to indemnification was still alive in order for that right to survive the expiration of the six-month period.

Additionally, if, as plaintiff argues, section 8.3 does not contain a time limit on the filing of a lawsuit, then the title of the section, "Limitation on Indemnification," is meaningless. Under plaintiff's interpretation, there is no limitation on indemnification other than a mandatory six-month delay before filing. Thus, this provision would not be a limitation on indemnification, but rather, at most, a restriction on when plaintiff could file its indemnification action. Moreover,

plaintiff's interpretation is in direct conflict and would render meaningless section 8.1, which states that defendant's representations and warranties would "remain in full force and effect until such times as the rights of [plaintiff] to indemnification *** under the provisions of Section 8.2 of this Agreement have *expired*." (Emphasis added.)

■ Finally, we must reject plaintiff's assertion that to require both good-faith negotiations and the filing of an action within the six-month period is an "impossibility." Parties often negotiate after a lawsuit has been filed and most suits are settled after the filing of the case. In fact, defendant cites a statistic that 94% of all lawsuits are negotiated and settled amicably before a judicial resolution is obtained. (J. Henry & J. Lieberman, The Manager's Guide to Resolving Legal Disputes 6 (1985).) Consequently, we hold that plaintiff is precluded from pursuing its action because the contractual limitations period had expired before it filed suit. In light of our disposition of this cause, we need not address plaintiff's final contention that the trial judge erred in finding that its action was barred by the doctrine of *laches*. See *Veath*, 190 Ill. App. 3d at 794, 546 N.E.2d at 1010 (a reviewing court will not address issues which are not essential to the determination of the case before it).

For the foregoing reasons, the judgment of the circuit court of Cook County granting defendant's motion for summary judgment is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.