FIRST DIVISION
 April 7, 1997




No. 1-95-4212

CITY OF CHICAGO HEIGHTS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County
 )
v. )
 )
DONALD CROTTY and DONALD SCHAK, ) Honorable
 ) John N. Hourihane,
 Defendants-Appellees. ) Judge Presiding.
 

 JUSTICE O'BRIEN delivered the opinion of the court:
 In May 1986, defendants, Donald Crotty and Donald Schak,
filed a Federal civil rights action against plaintiff, the City
of Chicago Heights. Defendants alleged they were the owners of
residential apartment buildings located at 520 through 640
Hickory Street, and that plaintiff had demolished those buildings
in violation of defendants' civil rights. After a jury returned
a verdict in favor of defendants with respect to liability, but
prior to a determination of damages, the parties entered into a
settlement agreement resolving all issues in the lawsuit. The
settlement agreement required plaintiff to compensate defendants
in exchange for a release of the claims asserted in their Federal
action. Paragraph 11 of the settlement agreement also provided
that "[t]he [plaintiff] acknowledges that it is the intention of
the [defendants] to cause their titles to [the properties located
at 520 through 640 West Hickory Street] to be transferred to the
[plaintiff] for the sum of $1 (or such other consideration as may
be negotiated), and the [plaintiff] agrees to accept such title
when tendered." 
 Defendants later attempted to transfer the properties to a
third party. Plaintiff refused to issue the transfer stamps
defendants needed to transfer the properties. Plaintiff also
filed a complaint for specific performance, requesting that the
court order defendants to convey the properties to plaintiff
pursuant to paragraph 11 of the settlement agreement. Defendants
filed a counter-claim for declaratory judgment of the settlement
agreement, and both parties moved for summary judgment. The
trial court denied plaintiff's motion for summary judgment, and
granted defendants' motion. Plaintiff appeals. We affirm.
 A summary judgment motion should be granted when the
pleadings, together with any depositions, admissions, or
affidavits on file, demonstrate that no genuine issues of
material fact exist, and that the movant is entitled to judgment
as a matter of law. 735 ILCS 5/2-1005 (West 1992). Here, no
genuine issues of material fact are present; the only issue is
whether, as a matter of law, paragraph 11 of the settlement
agreement requires defendants to convey the properties to
plaintiff.
 A settlement agreement is in the nature of a contract, and
construction of such agreements are governed by principles of
contract law. Solar v. Weinberg, 274 Ill. App. 3d 726, 731
(1995). The primary objective in contract construction is to
give effect to the intent of the parties. If the contract is
clear and unambiguous, the court must determine the parties'
intent solely from the ordinary and natural meaning of the
language of the contract. Omnitrus Merging Corp. v. Illinois
Tool Works, Inc., 256 Ill. App. 3d 31, 34 (1993). 
 Contracts also must be interpreted as a whole (Omnitrus, 256
Ill. App. 3d at 34), and after examining the entire settlement
agreement, we find as a matter of law that defendants were under
no absolute duty to convey the properties to plaintiff. 
Throughout the settlement agreement, whenever an affirmative
obligation is imposed on one of the parties, the word "shall" is
used. For example, the settlement agreement states that "the
Municipality shall pay" a sum of money; the payments "shall be
made by wire transfer"; the amounts "shall bear" a certain
interest. Black's Law Dictionary defines "shall": "[a]s used in
statutes, contracts or the like, this word is generally
imperative or mandatory. In common or ordinary parlance, and in
its ordinary signification, the term 'shall' is a word of
command, and one which has always or which must be given a
compulsory meaning; as denoting obligation." Black's Law
Dictionary 1233 (5th ed. 1979).
 By contrast, paragraph 11 of the settlement agreement states
that it is defendants' intention to transfer the properties to
plaintiff. Black's Law Dictionary defines "intention" as a
"[d]etermination to act in a certain way or to do a certain
thing. Meaning; will; purpose; design." Black's Law Dictionary
727 (5th ed. 1979). However, while an intention signifies a
purpose or design to act in a certain way, it connotes no
obligation to do so, since one's purpose or design can change. 
Thus, the use of the word "intention" here does not mandate that
defendants transfer the properties to plaintiff.
 Plaintiff argues that such a construction of the settlement
agreement, which gives defendants the unbridled right as to
whether or not to convey the properties to plaintiff, violates
the mutuality of obligation required in all contracts. We
disagree. A contract does not lack mutuality simply because its
obligations appear unequal or because every obligation or right
is not met by an equivalent obligation or right in the other
party. Gordon v. Bauer, 177 Ill. App. 3d 1073, 1088 (1988). The
requirement is met if each party has given adequate consideration
for the other's promise. Gordon, 177 Ill. App. 3d at 1088. 
Valuable consideration for a contract consists of some right,
interest, profit or benefit accruing to one party, or some
forbearance, detriment, loss or responsibility given, suffered or
undertaken by the other. F.H. Prince & Co. v. Towers Financial
Corporation, 275 Ill. App. 3d 792, 798 (1995).
 Here, plaintiff agreed to compensate defendants and accept
the properties when tendered by them, and in return defendants
agreed to release plaintiff from the claims involved in their
Federal civil rights lawsuit. Thus, each party gave adequate
consideration for the other's promise, and thereby satisfied the
mutuality requirement. 
 For the foregoing reasons, we affirm the trial court.
 Affirmed.
 CAHILL, J., and THEIS, J., concur.