FOURTH DIVISION

MAY 10, 2001

1-00-1276

SUBURBAN INSURANCE SERVICES, INC., ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

) 

)

VIRGINIA SURETY COMPANY, INC., ) Honorable

) Richard Siebel,

Defendant-Appellee. ) Judge Presiding.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Suburban Insurance Services, Inc. brought this action against defendant Virginia Surety Company, Inc. seeking commissions on insurance policy renewals it claimed defendant owed it pursuant to a sub-producer agreement entered into by the parties.  The circuit court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment, finding that the sub-producer agreement provided no basis for plaintiff to recover the claimed commissions.  On appeal, plaintiff contends that the court erred in determining that it was not entitled to its claimed commissions under the agreement.

Plaintiff, an insurance broker, sold insurance for several insurance carriers, including defendant.  George Zoscak was president, 50% shareholder, and director of plaintiff.  Jacqueline Livingston acted as the general manager of plaintiff.   Plaintiff's two largest insurance customers were Prairie Material Sales and Prairie Administration Corp. (collectively Prairie).  John Oremus, Zoscak's co-shareholder in plaintiff, was a shareholder, officer, and director of Prairie.       

On November 1, 1992, plaintiff entered into a written sub-producer agreement with defendant which allowed plaintiff to submit applications for insurance to defendant through defendant's general agent, Martin Boyer Company, Inc. (Martin Boyer).  Under the terms of the sub-producer agreement, plaintiff was entitled to certain commissions for insurance placed with defendant, but the agreement made no reference to renewal commissions.  The sub-producer agreement remained in effect until September 24, 1997.  

Prior to October 1993, plaintiff obtained workers' compensation coverage for Prairie from defendant.  Zoscak testified at his deposition that prior to October 1, 1993, plaintiff was compensated for policies that were written for Prairie based on a percentage of the premiums.  In October 1993, plaintiff "closed its doors" and ceased placing insurance business for insureds.
(footnote: 1)  In an agreement dated October 1, 1993, plaintiff sold all its insurance accounts, except for the Prairie account, to Concklin Insurance Agency, Inc.  

Livingston testified at her deposition that, beginning on October 1, 1993, she went to work for Prairie as insurance coordinator.  In September 1993, she requested that Martin Boyer present the quote for Prairie's workers' compensation policy for the 1993-94 policy year net of any sub-producer commission because she was becoming an employee of Prairie and would take the quotes directly.  Requesting the quote net of any sub-producer commission resulted in a reduced premium for Prairie's workers' compensation coverage.  For the policy years 1993-94 and 1994-95, Prairie renewed its workers' compensation policy directly with defendant.  Plaintiff provided no service at all with regard to Prairie's workers' compensation policies for those years.  Plaintiff received no commissions from these renewals.

Plaintiff filed an amended complaint alleging
 defendant breached the sub-producer agreement by failing to pay plaintiff the commissions due it for these renewal policies.
(footnote: 2)  Plaintiff unsuccessfully moved for summary judgment.  Defendant successfully moved for summary judgment on the ground that, under the plain language of the sub-producer agreement, there was no basis for plaintiff's claim for renewal commissions.  Plaintiff's motion for reconsideration was denied.  Plaintiff appeals.

Summary judgment will be granted when the pleadings, depositions, exhibits, and affidavits on file reveal no genuine issue as to any material fact and establish that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005 (West 1998); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992) (
Outboard Marine
)
.  All evidence must be construed in the light most favorable to the nonmoving party and most strictly against the moving party.  
Gatlin v. Ruder
, 137 Ill. 2d 284, 560 N.E.2d 586 (1990).  Appellate review of orders granting summary judgment is 
de
 
novo
.  
Outboard Marine
, 154 Ill. 2d at 101; 
Anderson v. Alberto-Culver USA, Inc.
, 317 Ill. App. 3d 1104, 740 N.E.2d 819 (2000).

I

Plaintiff argues that it was entitled to the renewal commissions under the terms of the sub-producer agreement, by virtue of the fact that defendant had paid plaintiff commissions on sales of insurance to Prairie in the past pursuant to the sub-producer agreement, thereby acknowledging the fact that Prairie was plaintiff's customer.  The sub-producer agreement was still in effect when Prairie renewed its workers' compensation policy in 1993 and 1994, and plaintiff was entitled to commissions on those renewals.  Defendant responds that the sub-producer agreement  contains no provisions that would entitle plaintiff to recover renewal commissions on insurance business placed directly by Prairie with defendant.  

The primary objective in construing a contract is to give effect to the intent of the parties, as ascertained from the language of the contract.  
Spectramed, Inc. v. Gould, Inc.
, 304 Ill. App. 3d 762, 710 N.E.2d 1 (1998) (
Spectramed
).  If the contract is clear and unambiguous, the intent of the parties must be determined solely from the contract's plain language, and  extrinsic evidence outside the "four corners" of the document may not be considered.  
Omnitrus Merging Corp. v. Illinois Tool Works, Inc.
, 256 Ill. App. 3d 31, 628 N.E.2d 1165 (1993).  A court may not add provisions to an unambiguous contract even if they make the contract more equitable.  
J.M. Beals Enterprises, Inc. v. Industrial Hard Chrome, Ltd.
, 194 Ill. App. 3d 744, 551 N.E.2d 340 (1990).  Where no ambiguity exists, construction of the document is a question of law.  
Spectramed
, 304 Ill. App. 3d at 770.

The parties agree that the sub-producer agreement is not ambiguous.  The agreement contains an integration clause which provides that the agreement "sets forth the entire understanding of the parties with regard to the subject matter hereof."  

No Illinois case has addressed the precise question presented here:  whether an insurance agent is entitled to a renewal commission where the insured decides to renew its policy directly with the insurer.  Courts from other jurisdictions that have considered the question agree that the right of an insurance agent to commissions on renewal premiums must be ascertained from the contract existing between the agent and the insurance company. 
 
Charles Maggard Agency, Inc. v. Missouri Public Entity Risk Management Fund
, 974 S.W.2d 671 (Mo. Ct. App. 1998) (
Maggard
); 
Lee v. Wisconsin Physicians Service
, 252 N.W.2d 24 (Wisc. S. Ct. 1977) (
Lee
).  See also 
Repsold v. New York Life Insurance Co.
, 216 F.2d 479 (7th Cir. 1954); 43 Am. Jur. 2d 
Insurance
 section 152; 
Appleman
, 
Insurance Law and Practice
 section 9003.  In 
Maggard
, the court held that an insurance agent was not entitled to  renewal commissions where the insured decided to bypass the agent and renew its insurance coverage directly with the insurer because the contract between the agent and the insurer provided no basis for the agent to recover the renewal commissions.
(footnote: 3)
 In 
Lee
, relied upon by plaintiff, the court found that the  contract between the agent and the insurer specifically provided that the plaintiff was entitled to renewal commissions on renewal business procured by him; therefore, the plaintiff was entitled to a renewal commission where the insured decided to renew its insurance directly with the insurer.  By dealing directly with the insured, the insurer effectively prohibited the plaintiff from procuring the renewal business and therefore deprived him of contract authorized commissions. 

The plain language of the sub-producer agreement, in the present case, provides no basis for plaintiff's claim that it is entitled to the renewal commissions.    Paragraph 11 of the sub-producer agreement allows the payment of commissions as outlined in the commission schedule; however, neither paragraph 11, nor the commission schedule discusses renewal commissions.  The only provision in the sub-producer agreement that discusses renewal commissions is paragraph 16, which is inapposite as it deals with situations in which the sub-producer agreement has been terminated or suspended.  Here the parties do not dispute that the sub-producer agreement remained in full force and effect until September 24, 1997.
(footnote: 4)  Unlike the contract in 
Lee
, the sub-producer agreement in the instant case contains no provision entitling plaintiff to renewal commissions.

Relying on cases involving the commissions of real estate brokers, plaintiff argues that it is entitled to the renewal commissions because it was the "procuring cause" of the insurance sales by defendant to Prairie.  See 
Bear Kaufman Realty v. Spec Development
, 268 Ill. App. 3d 898, 645 N.E.2d 244 (1994); 
Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.
, 87 Ill. App. 3d 480, 408 N.E.2d 1069 (1980).  Plaintiff has cited no case applying the "procuring cause" rule to an insurance agent's right to a commission.  Moreover, none of the cases relied upon by plaintiff involved a written contract, as here.  The present case was brought pursuant to a written sub-producer agreement which afforded no basis for the recovery of the claimed commissions.

Plaintiff's argument that defendant disregarded its obligations of good faith and fair dealing also is without merit. Every contract contains an implied covenant of good faith and fair dealing.  
Northern Trust Co. v. VIII South Michigan Associates
, 276 Ill. App. 3d 355, 657 N.E.2d 1095 (1995) (
Northern Trust
).
  Notwithstanding this implied covenant, parties to a contract are entitled to enforce its terms to the letter, and an implied covenant of good faith and fair dealing cannot overrule or modify the express terms of a contract.  The covenant of good faith and fair dealing does not allow a party to read an obligation into a contract that does not exist.  
Northern Trust
, 276 Ill. App. 3d at 368; 
Bank One, Springfield v. Roscetti
, 309 Ill. App. 3d 1048, 723 N.E.2d 755 (1999).  The sub-producer agreement in the present case contains no obligation to pay plaintiff renewal commissions when the insured chooses to deal directly with the insurer.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN and BARTH, JJ., concur.

FOOTNOTES
1:
According to Zoscak, plaintiff is still an active entity that collects residual commissions.

2:
The amended complaint contained other counts which were directed against other parties.  Those counts were dismissed with prejudice prior to the entry of summary judgment and are not at issue in this appeal.

3:
The 
Maggard
 court also considered the fact that it was the insured who initiated the contact with the insurer to bypass the agent and not vice versa.

4:
In its statement of facts plaintiff discusses paragraph 9 of the sub-producer agreement which sets forth when defendant will recognize letters from insureds requesting a change from one sub-producer to another.  Paragraph 9 says nothing about renewal commissions, nor does it address a situation such as this where the insured decides to deal directly with the insurer without interaction with any sub-producer.